967 F.2d 590
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Arthur F. SHERRELL; Cecilia Sherrell, Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 91-15979.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 26, 1992.*
Decided June 2, 1992.
 
 Before FARRIS, DAVID R. THOMPSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arthur F. Sherrell and Cecilia Sherrell appeal pro se the district court's dismissal of their action to quiet title under 28 U.S.C. § 2410 and summary judgment in their unlawful disclosure of return information claim. We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990), and reverse and remand.
 
 
 3
 * Background
 
 
 4
 On August 22, 1989, the Sherrells filed a complaint against the United States to quiet title to property seized by the Internal Revenue Service ("IRS") for unpaid federal tax liabilities and to recover damages for unauthorized disclosure of return information pursuant to 26 U.S.C. §§ 6103, 7431. The IRS filed a motion to dismiss, or in the alternative, motion for summary judgment on December 22, 1989. The IRS attached an affidavit and exhibits supporting the procedural validity of the IRS's actions. On June 5, 1990, the district court filed an order ("Order I") dismissing the Sherrells' quiet title claim because 28 U.S.C. § 2410 did not waive sovereign immunity for claims against the United States brought by the taxpayer liable for the tax. The district court, however, granted the Sherrells an opportunity to amend their complaint so as to plead with specificity their unlawful disclosure claim.
 
 
 5
 On June 14, 1990, the Sherrells filed a first amended complaint setting forth the same claims. On July 2, 1990, the IRS filed a motion to dismiss. On March 5, 1991, the district court filed an order ("Order II") granting summary judgment in favor of the IRS because the IRS's liens and levies were procedurally valid, and therefore, the disclosures were authorized by 26 U.S.C. § 6103(K)(6).
 
 II
 Merits
 A. Quiet Title Claim (Order I)
 
 6
 A taxpayer may bring an action to quiet title to property on which the United States has a lien. 28 U.S.C. § 2410. Subsequent to the district court's Order I, we have interpreted section 2410 as a limited waiver of the United States' sovereign immunity in "actions challenging the procedural aspects of tax liens." Arford v. United States, 934 F.2d 229, 232 (9th Cir.1991) (section 2410 waives sovereign immunity if taxpayer challenges procedural aspects of assessment or levy). Nevertheless, a taxpayer "may not use a section 2410 action to collaterally attack the merits of an assessment." Elias v. Connett, 908 F.2d 521, 527 (9th Cir.1990).
 
 
 7
 Here, the Sherrells challenged the procedural validity of the IRS's assessment and liens in their complaint. Accordingly, section 2410 waives sovereign immunity. See Arford, 934 F.2d at 232-33. Thus, the district court erred by dismissing the Sherrells' quiet title claim based on sovereign immunity, and we remand for further proceedings. See id. at 234.
 
 B. Unlawful Disclosure Claim (Order II)
 
 8
 The Sherrells argue that the district court erred because it failed to give them notice that it was converting the IRS's motion to dismiss under Fed.R.Civ.P. 12(b)(6) into one for summary judgment. We have held "that where the nonmoving party is appearing pro se, the notice requirements of Rule 56(c) must be strictly adhered to when a motion to dismiss under Rule 12(b)(6) is converted into one for summary judgment." Garaux v. Pulley, 739 F.2d 437, 439-40 (9th Cir.1984).
 
 
 9
 Here, the IRS filed a motion to dismiss the Sherrells' first amended complaint on the ground that the unlawful disclosure claim failed to state a claim upon which relief could be granted.[1] The district court, in reaching its conclusion, relied on matters outside the pleadings to determine that the IRS had complied with its procedures and that the disclosure was appropriate under 26 U.S.C. § 6103(K)(6). Order II ended by stating, "the motion for summary judgment (# 33) on behalf of the United States is hereby GRANTED."
 
 
 10
 The district court erred by treating, sua sponte, the IRS's motion to dismiss for failure to state a claim as a motion for summary judgment without providing explicit notice to the Sherrells. See Garaux, 739 F.2d at 440.[2]
 
 
 11
 REVERSED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The IRS's motion was presented along with its opposition to the Sherrells' motion to vacate Order I
 
 
 [2]
 We note that, as a matter of law, disclosures made to effectuate the liens and levies necessary to collect tax liabilities are not in violation of section 6103. See 26 U.S.C. § 6103(K)(6); Maisano v. United States, 908 F.2d 408, 410 (9th Cir.1990)