Charles R. KESTER, Roland D. Libby, Hazel E. Sutherland and William B. Sutherland, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

Alan K. CAMPBELL, Jule M. Sugarman, and Ersa H. Poston, and the Civil Service Commission of the United States of America, Defendants.

Civ. No. 76–0423.

United States District Court, D. Hawaii.

March 13, 1979.

David M. Robinson, Honolulu, Hawaii, for plaintiffs.

Walter M. Heen, U. S. Atty., Honolulu, Hawaii, for defendants.

## DECISION AND ORDER

SAMUEL P. KING, Chief Judge.

This is a class action in which plaintiffs challenge a new Civil Service Commission (CSC) regulation involving deductions from plaintiffs' cost-of-living allowance (COLA). The members of the plaintiff class are those United States Civil Service employees on the islands of Oahu and Kauai who are entitled to receive commissary and exchange privileges for reasons unrelated to their present employment with the civil service and whose COLA has been reduced or eliminated as a consequence of defendants' acts.[1] This class is made up of four subclasses: (1) retirees from military service; (2) dependents of retired military servicemen; (3) dependents of active duty military servicemen; and (4) widows, widowers or dependents of deceased military servicemen. Defendants are members of the CSC.[2]

In 1948, President Truman issued Executive Order 10,000, pursuant to section 104 of the Supplemental Independent Offices Appropriation Act, P.L. 80–862,[3] establishing the foundation upon which the CSC administers the system which allows certain employees in areas outside the continental United States to receive compensation in addition to their base pay. This is the scheme known as COLA. Hawaii falls within the ambit of Executive Order 10,000.

The issues now before the court are presented on cross-motions for summary judgment. Both parties agree that there is no genuine issue of material fact in dispute and each feels it is entitled to judgment as a matter of law. The legal question to be decided centers on a section of the Executive Order which states:

(b) The Civil Service Commission shall

. . .

(2) in fixing the Territorial cost-of-living allowance . . . make appropriate deductions when quarters or subsistence, commissary or other purchasing privileges *are furnished* at a cost substantially lower than the prevailing local cost.

Exec.Order No. 10,000, § 205(b)(2), 3 C.F.R., 1943–1948 Comp. 793 (1957) (emphasis supplied).

In 1976, defendants issued new regulations, 5 C.F.R. § 591.201, *et seq.* (1978), which interpreted the words "are furnished," within the meaning of § 205(b)(2), to mean furnished by *any source* in the federal government. This meant that members of the plaintiff class had their COLA reduced or terminated. Plaintiffs brought this suit challenging the new policy on three grounds.[4] First, they argue that the regulations have no basis under the statutory provisions of 5 U.S.C. § 5941, the enabling statute, and Executive Order 10,-000. Second, they argue that the regulations violate equal protection. Finally, they argue that the regulations violate due process. Because this matter will be determined on the first of these issues, the constitutional arguments will not be addressed.

---

1. Plaintiffs' COLA was restored by Executive Order 12,070, effective July 30, 1978. This order was intended to suspend the new regulations, reinstate the prior practice, and allow for a study on the reform of the COLA program. The present controversy, therefore, is over the COLA withheld from December 5, 1976 to July 30, 1978.

2. This action was originally brought against *Robert E. Hampton, Ludwig J. Andolsec,* and *Georgianna Sheldon,* individually and in their capacities as members of the CSC. The suit cannot be prosecuted successfully against these defendants personally, *see Barr v. Matteo,* 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959), and by virtue of the fact that the commission has been reconstituted, Alan K. Campbell, Jule

M. Sugarman and Ersa H. Poston have been substituted as defendants. Rule 25(d)(1), F.R. Civ.P. *See* Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment, p. 1.

3. Executive Order 10,000 also deals with certain sections of the Foreign Service Act of 1946. This case only involves that part of the Executive Order concerning the Supplemental Independent Office Appropriations Act. The enabling legislation has subsequently been recodified as 5 U.S.C. § 5941.

4. There were other theories set forth in the Third Amended Complaint, but only three are germane to the present motions.

Plaintiffs contend that the words "are furnished" mean "are furnished as a consequence of the person's present civil service employment." More importantly, however, in order to prevail in this action, plaintiffs must demonstrate that defendants' new interpretation is unreasonable. *See Knebel v. Hein,* 429 U.S. 288, 97 S.Ct. 549, 50 L.Ed.2d 485 (1977). Defendants' argument is that the words "are furnished" are broad and that their interpretation is well within reason. Because theirs need not be the *only* reasonable interpretation possible, they contend that the court must uphold their position.

The parties, in effect, have asked the court to supply the proper referent to the passive voice, "are furnished." In solving this problem, a reading of all of part two of Executive Order 10,000 is informative. In the entirety of that part, there is only one agency or entity named in relation to the provision of benefits: the CSC. Nowhere is there any mention of the "federal government" or the "United States government." If this court must search for the proper referent under such circumstances, the only reasonable conclusion is that the words "are furnished" refer to the civil service. Defendants' position finds no support here.

The logical extension of defendants' argument would lead to incredible results. If defendants are correct, then any civil service employee who receives COLA would have his or her COLA reduced if he or she obtained a Veteran's Administration residential mortgage or any other federally-subsidized mortgage, GI Bill benefits, or any type of social security benefits. It might even be argued that defendant's interpretation would encourage divorce, where one spouse was in the military and the other in the civil service. This is absurd. Neither Congress nor the President could have intended to deprive federal employees of such basic benefits, or to force the employees to choose between these benefits and COLA. Defendants' position is not reasonable.

Finally, the record indicates that the CSC had consistently applied plaintiffs' interpretation for some 28 years—from the inception of the COLA program until the new regulations in 1976. The 180° reversal after such a prolonged period of time is, to this court, unreasonable. The CSC should go to the President or to Congress to have the Executive Order or the enabling statute amended rather than unilaterally to reverse an interpretation that has been in force for so long.

Defendants have directed this court's attention to the case of *Curlott v. Hampton,* 438 F.Supp. 505 (D.Alas.1977), a case identical to the one now before the court. In *Curlott,* the court held that the CSC's position was reasonable, and that the court was required to defer to the wisdom of the administrative agency which promulgated the regulations. This court respectfully disagrees.

Accordingly, plaintiffs' motion for summary judgment is granted as to Count I of the Third Amended Complaint. Defendants' motion to dismiss or in the alternative for summary judgment is denied.