Charles R. KESTER, Roland D. Libby, Hazel D. Sutherland, et al.,
Plaintiffs-Appellees,

v.

Alan K. CAMPBELL, Director, Office of Personnel Management, Civil Service Commission of the United States of America, Defendant-Appellant.

No. 79–4545.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 29, 1981.

Decided July 27, 1981.

Eloise E. Davies, Washington, D. C., for defendant-appellant.

Theodore G. Meeker, Honolulu, Hawaii, argued, for plaintiffs-appellees; David M. Robinson, Honolulu, Hawaii, on brief.

Before KILKENNY, SNEED and FARRIS, Circuit Judges.

FARRIS, Circuit Judge:

Appellants, members of the Civil Service Commission, appeal the district court's order granting plaintiffs' motion for summary judgment. We reverse.

In 1948, President Harry Truman issued Executive Order 10,000, and thereby established the cost-of-living allowance (COLA) adjustment system for federal employees. Under this system, employees of the federal government who are located outside the continental United States in locales having a substantially higher cost-of-living index than certain other areas are entitled to a cost-of-living allowance, in addition to their base pay. This Order specifically provided that:

> The Civil Service Commission shall . . . in fixing the Territorial cost-of-living allowance . . . make appropriate deductions when quarters or subsistence, commissary or other purchasing privileges *are furnished* at a cost substantially lower than the prevailing local cost.

Exec. Order No. 10,000, § 205(b)(2), 3 C.F.R. 795 (1943–1948 Compilation) (1957) (emphasis added).[1] In 1976, the Civil Service Commission issued new regulations which effectively interpreted the phrase "are furnished" to mean furnished by any source in the federal government. *See* 5 C.F.R. §§ 591.201–591.310 (1976).

Plaintiffs filed this class action in an effort to require the Commission to restore all COLA benefits withheld as a consequence of the regulations.[2] The class is composed of Federal Civil Service employees on Oahu and Kauai, Hawaii, who are entitled to commissary and exchange privileges for reasons independent of their present federal employment, but whose COLA was reduced or eliminated as a result of the passage of the new regulations. Jurisdiction was alleged under the Federal Tort Claims Act, 28 U.S.C. § 1346(b) (1976), the Administrative Procedure Act, 5 U.S.C. § 702 (1976), and under the general federal question jurisdiction statute, 28 U.S.C. § 1331(a) (1976). In March 1979, on cross-motions for summary judgment, the district court granted summary judgment for plaintiffs on count 1 of their amended complaint.[3] The district court held that the Commission's new regulations provided an unreasonable interpretation of the "are furnished" phrase because (1) the language of Executive Order 10,000 did not compel this construction, and (2) the new interpretation was inconsistent with that given the Executive Order historically. *Kester v. Campbell*, 467 F.Supp. 913, 915 (D.Hawaii.1979).

## I. Jurisdiction

Both the nature of the plaintiffs' claim and the order entered by the district court require that we clearly determine the jurisdictional basis for this action. In the first count of their complaint, the plaintiffs alleged that the Commission exceeded its authority in promulgating the new regulations, and sought "permanent injunctive relief" against the Commission to prevent en-

---

1. Congress codified the source of authority for Executive Order 10,000 in 5 U.S.C. § 5941 (1976).

2. The plaintiffs' COLA benefits were restored by Executive Order 12,070, effective July 30, 1978. *See* 5 U.S.C. § 5941 note (Supp. III 1979). Plaintiffs consequently only seek to recover COLA benefits withheld from Dec. 5, 1976, to July 30, 1978. *Kester v. Campbell*, 467 F.Supp. 913, 914 n.1 (D.Hawaii.1979).

3. Plaintiffs alleged eight separate theories or bases of recovery in their amended complaint. Although three of these were relevant to the cross-motions for summary judgment, the district court addressed and resolved the issue on only one of plaintiffs' theories. *See Kester*, 467 F.Supp. 914 & n.4.

forcement of the new regulations. The judgment entered by the district court reflected this request by ordering the Commission to issue regulations and implementing orders that would provide for restoration of any withheld COLA benefits.

■ We agree with the plaintiffs that their claims raise a substantial federal question under 28 U.S.C. § 1331(a) (1976). But this statute neither waives the federal government's sovereign immunity to suit nor indicates the appropriate forum for adjudication of the controversy. The plaintiffs' pleadings obliquely suggest that section 702 of the Administrative Procedure Act, 5 U.S.C. § 702 (1976), provides both of these factors. We disagree. Section 702 of the APA subjects the federal government to suit in the federal courts by parties seeking "relief other than money damages and stating a claim that an agency . . . failed to act . . . under color of legal authority." Plaintiffs' complaint specifically sought money damages against the Commission. The order entered by the district court was phrased in terms of a mandatory injunction only to allow the district court to determine the mode and method of restoration of the COLA benefits to the plaintiffs. In substance, the plaintiffs' pleadings, reflected by the district court's order, were concerned solely with an award of damages. We will not construe plaintiffs' request as one for injunctive relief when the relief sought is substantively equivalent to a request for a monetary award. *See Laguna Hermosa Corp. v. Martin,* 643 F.2d 1376 at 1379 (9th Cir. 1981) (jurisdiction is not determined by relief pleaded but by "the real effort" of the complaining party) (quoting *Bakersfield City School District v. Boyer,* 610 F.2d 621, 628 (9th Cir. 1979)). *Cf. Edelman v. Jordan,* 415 U.S. 651, 668, 678, 94 S.Ct. 1347, 1358, 1363, 39 L.Ed.2d 662 (1974) (suit for injunctive and declaratory relief against state officers resulting in payment of retroactive benefits treated as suit for damages). Accordingly, section 702 does not provide jurisdiction for the plaintiffs' claims.

■ We conclude, however, that the district court had jurisdiction of the case un-der the Tucker Act, 28 U.S.C. § 1346(a)(2), 1491 (Supp. II 1978). The Tucker Act applies only to claims for money damages, *Rowe v. United States,* 633 F.2d 799, 802 (9th Cir. 1980), *cert. denied,* —— U.S. ——, 101 S.Ct. 2047, 68 L.Ed.2d 349 (1981), and not to suits for injunctive relief. *Richardson v. Morris,* 409 U.S. 464, 465–66, 93 S.Ct. 629, 630–31, 34 L.Ed.2d 647 (1973) (per curiam); *International Engineering Co. v. Richardson,* 512 F.2d 573, 577 & n.4 (D.C. Cir.1975), *cert. denied,* 423 U.S. 1048, 96 S.Ct. 774, 46 L.Ed.2d 636 (1976). For claims against the government not exceeding $10,-000, the district courts have concurrent jurisdiction with the Court of Claims. 28 U.S.C. § 1346(a)(2) (Supp. II 1978). This same jurisdictional limit applies to class actions where, as here, the individual claim of each class member does not exceed $10,-000.00. *Pennsylvania v. National Association of Flood Insurers,* 520 F.2d 11, 25 (3d Cir. 1975); *March v. United States,* 506 F.2d 1306, 1309 n.1 (D.C.Cir.1974).

## II.  Reasonableness of the Commission's Interpretation

The Commission argues that the district court erroneously evaluated the reasonableness of the Commission's regulations. We agree.

■ In light of an agency's presumed expertise in interpreting executive orders charged to its administration, we review such agency interpretations with great deference. *See Udall v. Tallman,* 380 U.S. 1, 16–18, 85 S.Ct. 792, 801–802, 13 L.Ed.2d 616 (1965). *Cf. United States v. Larionoff,* 431 U.S. 864, 872, 97 S.Ct. 2150, 2155, 53 L.Ed.2d 48 (1977) (interpreting regulation); *Knebel v. Hein,* 429 U.S. 288, 294–97, 97 S.Ct. 549, 553–55, 50 L.Ed.2d 485 (1977) (interpreting legislation); *Sierra Pacific Power Co. v. United States Environmental Protection Agency,* 647 F.2d 60 at 66 (9th Cir. 1981) (interpreting regulations); *University of Southern California v. Cost of Living Council,* 472 F.2d 1065, 1068–69 (Temp.Emer.Ct. App.1972) (interpreting executive order), *cert. denied,* 410 U.S. 928, 93 S.Ct. 1364, 35 L.Ed.2d 590 (1973). To be sustained, the

**16**

agency's interpretation need not be the only reasonable interpretation. *See Udall*, 380 U.S. at 16, 85 S.Ct. at 801; *Northwestern Electric Co. v. FPC*, 321 U.S. 119, 124, 64 S.Ct. 451, 453, 88 L.Ed. 596 (1944). All that is required is that the interpretation adopted by the agency be reasonable. *Udall*, 380 U.S. at 18, 85 S.Ct. at 802. The agency interpretation is considered reasonable "unless it is plainly erroneous or inconsistent with the [order]". *Larionoff*, 431 U.S. at 872, 97 S.Ct. at 2155; *Bowles v. Seminole Rock & Sand Co.*, 325 U.S. 410, 414, 65 S.Ct. 1215, 1217, 89 L.Ed. 1700 (1945).

■ The Commission's interpretation of Executive Order 10,000 is not inconsistent with the language or purpose of that order or plainly erroneous. *See Curlott v. Hampton*, 438 F.Supp. 505, 507 (D.Alas.1977), *aff'd in part and rev'd in part*, 598 F.2d 1175 (9th Cir. 1979). That the Executive Order mentioned no agency other than the Commission does not necessarily suggest, as the district court held, that only benefits furnished by civil service employment are to be deducted from the COLA. The language of the order is sufficiently ambiguous to permit several reasonable interpretations, including the one adopted by the Commission. *Cf. Larionoff*, 431 U.S. at 872, 97 S.Ct. at 2155 (ambiguities in regulations do not prevent agency interpretation from being reasonable). The interpretation adopted by the Commission does not inevitably lead to "incredible results." The Commission has not purported to broaden deductions from COLA benefits beyond those specifically mentioned in the Order. That there are other interpretations providing more favorable treatment to the plaintiffs is irrelevant in considering the reasonableness of the Commission's interpretation. *See Knebel*, 429 U.S. at 294–95 & n.14, 97 S.Ct. at 553–54 & n.14. Finally, the reasonableness of the Commission's interpretation is not, under the circumstances here, any less clear merely because the Commission's interpretation breaks with the Commission's historic treatment of the Order. *Cf. Sierra Pacific Power Co.*, at 66 (agency's "interpretation of its regulations is entitled to great deference even where, as here, it

has overruled or questioned its own prior interpretations"). While the Commission's prior treatment of the Order may have been more equitable to the plaintiffs, this factor does not control the reasonableness of the Commission's interpretation. *Cf. District of Columbia v. John R. Thompson Co.*, 346 U.S. 100, 113–14, 73 S.Ct. 1007, 1014–15, 97 L.Ed. 1480 (1953) ("The failure of the executive branch to enforce a law does not result in its modification or repeal.")

Reversed and remanded with directions to dismiss Count I.