**Charles R. KESTER, et al., Plaintiffs,**

**v.**

**Donald J. DEVINE, Director of the Office of Personnel Management,[1] Defendant.**

Civ. No. 76–0423.

United States District Court,
D. Hawaii.

Aug. 10, 1982.

1. The relevant functions of the Civil Service Commission have been transferred to the Office of Personnel Management ("OPM"). Donald J. Devine is the current Director of OPM. He is, therefore, automatically substituted for Alan K. Campbell as a defendant in this action pursuant to Fed.R.Civ.P. 25(d)(1).

David M. Robinson, Theodore G. Meeker, Honolulu, Hawaii, for plaintiffs.

Lewis K. Wise, Raymond M. Larizza, Appellate Staff, Civ. Div., J. Paul McGrath, Asst. Atty. Gen., William French Smith, Atty. Gen., U. S. Dept. of Justice, Washington, D. C., for defendant.

## DECISION AND ORDER

SAMUEL P. KING, Chief Judge.

*Background.*

This case is on remand from the U. S. Court of Appeals for the Ninth Circuit.[2] In *Kester I*, this court granted summary judgment in favor of plaintiffs on Count I of their Third Amended Complaint ("Complaint"), and held that the Civil Service Commission ("CSC") had erroneously interpreted § 205(b)(2) of Executive Order 10,-000 in authorizing deductions from the Cost of Living Allowance ("COLA") paid to federal civilian employees in Hawaii who had commissary and exchange ("C&E") privileges for reasons unconnected to their employment. In *Kester II*, the Court of Appeals reversed, and held that the CSC's interpretation was reasonable and consistent with the executive order. Plaintiffs now move for summary judgment on Counts VII (consistency with enabling legislation) and IV (equal protection) of their complaint.

2. For a more complete discussion of the facts underlying this matter, *see Kester v. Campbell*, 467 F.Supp. 913 (D.Haw.1979) ("*Kester I*"),

*Enabling Legislation.*

◼ The enabling statute for E.O. 10,000, 5 U.S.C. § 5941, provides in relevant part:

(a) Appropriations or funds available to an Executive agency, . . ., for pay of employees stationed outside the continental United States or in Alaska whose rates of basic pay are fixed by statute, are available for allowances to these employees. The allowance is based on—

(1) living costs substantially higher than in the District of Columbia;

. . . .

The allowance may not exceed 25 percent of the rate of basic pay. Except as otherwise specifically authorized by statute, the allowance is paid only in accordance with regulations prescribed by the President establishing the rates and defining the area, groups of positions, and classes of employees to which each rate applies. *Id.*

Plaintiffs contend that although the CSC's interpretation of § 205(b) was reasonable and consistent with the terms of the executive order, the interpretation was contrary to the purpose and intent of the enabling statute, and thus invalid, citing *United States v. Larionoff*, 431 U.S. 864, 97 S.Ct. 2150, 53 L.Ed.2d 48 (1977) ("*Larionoff*").

*Larionoff* involved regulations which governed eligibility for certain types of military re-enlistment bonuses. Although the Supreme Court found that the government's interpretation was entitled to deference because it was not "plainly inconsistent" with the wording of the regulations, the Court invalidated the interpretation because it was not consistent with the clear intent of the underlying statute.

[R]egulations, in order to be valid, must be consistent with the statute under which they are promulgated. We are persuaded that insofar as they required that the amount of the VRB [Variable Re-enlistment Bonus] to be awarded to a service member who extended his enlist-

*rev'd*, 652 F.2d 13 (9th Cir. 1981) ("*Kester II*"), *cert. denied*, —— U.S. ——, 102 S.Ct. 1008, 71 L.Ed.2d 298 (1982).

ment was to be determined by reference to the award level in effect at the time he began to serve the extension, rather than at the time he agreed to it, the relevant regulations were contrary to the manifest purposes of Congress in enacting the VRB program, and hence invalid.

431 U.S. at 873, 97 S.Ct. at 2156.

■ COLA is meant to compensate employees who face living costs substantially higher than in the District of Columbia. The enabling statute gives the President broad discretionary powers in determining COLA rates and allowances. However, it does not mandate equality in effective compensation. Indeed, in situations where the cost of living differential exceeds 25 percent, equality is not possible. A difference in the level of COLA assigned to various classes of federal employees does not negate the purpose of the statute. The situation here can thus be distinguished from that in *Larionoff.*

*Equal Protection.*

Plaintiffs allege that they have been discriminated against with respect to two groups of which they are members, as follows: (1) with respect to other Federal Civil Service employees living on Oahu, plaintiffs have been deprived of their COLA for reasons unrelated to their employment; and (2) with respect to Federal employees who have C&E privileges for reasons unrelated to their employment, plaintiffs have been denied wage equivalency.

■ Unless they burden fundamental rights or are based on suspect criteria, classifications created by economic regulation will be upheld if they are rationally related to a legitimate governmental interest. *U.S. Railroad Retirement Bd. v. Fritz*, 449 U.S. 166, 101 S.Ct. 453, 66 L.Ed.2d 368 (1980); *Knebel v. Hein*, 429 U.S. 288, 97 S.Ct. 549, 50 L.Ed.2d 485 (1977).

■ To uphold the CSC's interpretation against plaintiffs' claim of discrimination vis-a-vis other federal employees in Hawaii, the court need only find a rational basis for the creation of separate classes of federal employees on the island of Oahu. As found by the Ninth Circuit in *Kester II*, the CSC's interpretation of § 205(b) was reasonable. Because of their C&E privileges, plaintiffs face lower living costs than other federal employees living in the same area. COLA rates are based upon differences in living costs faced by federal employees. The CSC's classification was thus rationally based, and sufficient to pass constitutional scrutiny.

As noted above, neither the statute nor the executive order mandate that plaintiffs' effective rate of compensation be equal to that of their counterparts in the District of Columbia. The president has the power to establish COLA rates and define the area, groups of positions, and classes of employees to which each rate applies. As previously noted, federal employees who have C&E privileges face lower living costs and thus have greater purchasing power than those who don't. Equal protection does not require that this disparity in purchasing power be maintained through the payment of COLA. Plaintiffs' claim of discrimination vis-a-vis their Washington counterparts must therefore be denied.

*Conclusion.*

This court's decision was necessarily constrained by the Ninth Circuit's conclusion in *Kester II* that the CSC's interpretation of the § 205(b) was reasonable. To a large extent, that decision precluded a finding that the interpretation was contrary to the intent of the enabling statute or that there was a denial of equal protection. Accordingly,

It is ORDERED that Summary Judgment is GRANTED in favor of Defendant and against Plaintiffs on Counts IV and VII.