972 F.2d 1338
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jack E. FETTER, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 91-35706.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 6, 1992.*
Decided Aug. 20, 1992.
 
 Before GOODWIN, TANG and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jack E. Fetter appeals pro se the district court's dismissal of his case for lack of jurisdiction. Mr. Fetter argues that the district court erred in holding that his claims were barred by sovereign immunity. We affirm.
 
 
 3
 Mr. Fetter failed to file federal income tax returns for the taxable years 1981 and 1982. Following the government's notice of tax deficiency and his subsequent nonpayment, a federal tax lien attached to all of Mr. Fetter's real and personal property. Mr. Fetter then sought to enjoin the United States from levying on his wages, to cancel notices of lien and levy sent by the United States, to require the United States to return all of his property that was taken, and to award him special and punitive damages. Additionally, Mr. Fetter asked the district court to declare that he was a "nontaxpayer," and therefore outside the scope of the Sixteenth Amendment. The district court, adopting the Findings and Recommendation of the magistrate judge, granted the government's motion to dismiss for lack of jurisdiction. The government seeks sanctions on the grounds that Mr. Fetter's appeal is frivolous.
 
 DISCUSSION
 A. Sovereign Immunity Issues
 
 4
 Mr. Fetter argues that his claims are not barred by sovereign immunity. His chief contention is that his lawsuit falls within the waiver of sovereign immunity found in 28 U.S.C. § 2410. He also appeals the district court's dismissal of his claims under 28 U.S.C. §§ 1331 & 1340, 18 U.S.C. § 242, 42 U.S.C. § 1983, and under the Constitution. Additionally, Mr. Fetter challenges the government's assertions that the monetary, injunctive, and declaratory relief that he is seeking is also barred by sovereign immunity. [See appellant's informal brief, "AIB", at 4, 5, 6a; ER at 2, 9, 10, 11, 12, 13, 15, 16, 17.]
 
 
 5
 The doctrine of sovereign immunity provides that the United States cannot be sued unless it gives its consent, and this consent defines a court's jurisdiction to hear a particular case. United States v. Sherwood, 312 U.S. 584, 586 (1941); Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir.1985). "Absent consent to sue, dismissal of the action is required." Hutchinson v. United States, 677 F.2d 1322, 1327 (9th Cir.1982) (citations omitted). The Constitution itself does not contain a waiver of sovereign immunity. Arnsberg v. United States, 757 F.2d 971, 980 (9th Cir.1984). "Such [a] waiver [of sovereign immunity] cannot be implied, but must be unequivocally expressed." Gilbert, 756 F.2d at 1458.
 
 1. 28 U.S.C. § 2410
 
 6
 Section 2410(a)(1), 28 U.S.C., provides that:
 
 
 7
 [T]he United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter--
 
 
 8
 (1) to quiet title to,
 
 
 9
 * * *
 
 
 10
 real or personal property on which the United States has or claims a mortgage or other lien.
 
 
 11
 "A taxpayer may not use a section 2410 action to collaterally attack the merits of an assessment. Rather, the taxpayer may only contest the procedural validity of a tax lien." Elias v. Connett, 908 F.2d 521, 527 (9th Cir.1990) (citations omitted). In other words, "[s]ection 2410 has been interpreted to allow quiet title actions challenging the procedural aspects of tax liens, but not the merits of the underlying tax assessments." Arford v. United States, 934 F.2d 229, 232 (9th Cir.1991).
 
 
 12
 Mr. Fetter maintains on appeal that he is in fact only challenging the procedural validity of the assessments and, consequently, the waiver of sovereign immunity found in section 2410 should apply. In support, he asserts four arguments. Mr. Fetter first argues that he is a "nontaxpayer," and thus he is not subject to the sections of the Internal Revenue Code that apply to "taxpayers". [AIB at 4, 6a, 6b.] Second, he contends that the Constitution precludes the government from taxing compensation received by him in exchange for his labor. [AIB at 4.] Third, he asserts "[t]hat the burden of proof is on the government to provide competent evidence of the charged activity that created statutory 'taxpayer' status." [AIB at 4.] Fourth, and finally, Mr. Fetter claims that the income tax is only an indirect excise tax, and it is only entitled to be enforced as such. [AIB at 4; ER at 4.]
 
 
 13
 As in Elias, Mr. Fetter's "allegations address the merits of [his] assessment rather than the procedural validity of the IRS's lien." 908 F.2d at 527. He does not allege that the government failed to follow proper Internal Revenue Code procedures when assessing his taxes. See also Arford, 934 F.2d at 232-33 (finding a waiver of sovereign immunity under section 2410 to the extent that procedural lapses of an assessment are challenged). In that Mr. Fetter has "failed to state a 28 U.S.C. § 2410(a) cause of action, the United States did not waive its sovereign immunity to suit." Elias, 908 F.2d at 528. Accordingly, the district court properly dismissed Mr. Fetter's claim under section 2410.
 
 2. 28 U.S.C. § 1331
 
 14
 Mr. Fetter also argues that 28 U.S.C. § 1331, which grants original jurisdiction of civil actions to district courts, provides sufficient jurisdiction for his case to be heard. However, "this statute neither waives the federal government's sovereign immunity to suit nor indicates the appropriate forum for adjudication of the controversy." Kester v. Campbell, 652 F.2d 13, 15 (9th Cir.1981); accord Holloman v. Watt, 708 F.2d 1399, 1401 (9th Cir.1983). Again, sovereign immunity forestalls Mr. Fetter's case.
 
 3. 28 U.S.C. § 1340
 
 15
 Additionally, Mr. Fetter claims that 28 U.S.C. § 1340 affords sufficient jurisdiction to the district court for his case to be heard. Section 1340 provides, in relevant part, that "[t]he district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue." This statute, however, is a grant of subject matter jurisdiction. Mr. Fetter is mistaken in equating a grant of subject matter jurisdiction with a waiver of sovereign immunity. "Section 1340 ... does not constitute a waiver of sovereign immunity," and thus he is precluded from bringing suit under this statute. Arford, 934 F.2d at 231.
 
 4. 18 U.S.C. § 242 and 42 U.S.C. § 1983
 
 16
 Furthermore, Mr. Fetter alleges that either 18 U.S.C. § 242 or 42 U.S.C. § 1983 bestow sufficient jurisdiction to the district court to hear his case. Section 1983 is a remedial statute, and it does not unequivocally express a consent to be sued on the part of the government. Thus, it is not a waiver of sovereign immunity. Gilbert, 756 F.2d at 1458. Likewise, section 242, the criminal version of section 1983, is also a remedial statute and not a waiver of sovereign immunity. Therefore, in order for Mr. Fetter to use either of these statutes, he must rely upon another statute to authorize the requested relief.
 
 5. Federal Tort Claims Act
 
 17
 Mr. Fetter is prohibited from seeking monetary damages by the Federal Tort Claims Act, "FTCA", 28 U.S.C. §§ 2671-80. Although the United States under the FTCA has waived sovereign immunity to suits that seek damages for tortious actions committed by its agents, this waiver is also subject to statutory exceptions. Section 2680(c) provides, in pertinent part, that "[t]he provisions of this chapter ... shall not apply to any claim arising in respect of the assessment or collection of any tax or customs duty." (Emphasis added). Because Mr. Fetter's suit is based on a challenge to the government's tax assessment against him, the plain language of the FTCA bars his claim as a matter of sovereign immunity.
 
 6. Anti-Injunction Act
 
 18
 Additionally, to the extent that Mr. Fetter seeks to enjoin the United States from assessing or collecting his taxes, he is prevented by the Anti-Injunction Act, 26 U.S.C. § 7421(a), from bringing his suit. Section 7421(a) states that, except as provided in certain sections not applicable to this case, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." This bar is absolute unless two factors are shown: "first, irreparable injury, the essential prerequisite for injunctive relief in any case; and second, certainty of success on the merits." Bob Jones Univ. v. Simon, 416 U.S. 725, 737 (1974); accord Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 7-8 (1962). "Only if it is then apparent that, under the most liberal view of the law and facts, the United States cannot establish its claim, may the suit for an injunction be maintained." Id. at 7.
 
 
 19
 Mr. Fetter fails to satisfy either prong of the Simon test. He cannot show irreparable harm because he has had, and continues to have, adequate legal remedy. Within 90 days of receiving his notice of deficiency, Mr. Fetter was entitled to petition the tax court for a redetermination of his deficiency. 26 U.S.C. § 6213(a). He elected not to pursue this route. Furthermore, Mr. Fetter can still contest the liability for his assessment by following proper Internal Revenue Code procedures. He must pay the assessment in full, file a claim for refund of the amount paid, and if the claim is not acted upon within six months, he can bring a timely suit for refund in the appropriate district court, or in the claims court. 26 U.S.C. §§ 6511, 6532 & 7422; Flora v. United States, 362 U.S. 145, 146, 158-60 (1960).
 
 
 20
 Moreover, Mr. Fetter also fails to satisfy the second prong of the Simon test. His previously stated tax protester arguments do not show certainty of success on the merits, especially when the government is given the "most liberal view of the law and facts." Enochs, 416 U.S. at 737. Necessarily, to the extent that Mr. Fetter is seeking to enjoin the collection or assessment of taxes, the district court properly dismissed that portion of the case.
 
 7. Declaratory Relief Act
 
 21
 Finally, the Declaratory Relief Act, 28 U.S.C. § 2201, prevents Mr. Fetter from seeking a declaratory judgment. This act allows a court to make such a judgment "[i]n a case of actual controversy within its jurisdiction, except with respect to Federal taxes." (Emphasis added). "Congress has barred federal courts from giving declaratory judgments in tax matters." Handeland v. C.I.R., 519 F.2d 327, 329 (9th Cir.1975) (citation omitted). Thus, the district court properly dismissed Mr. Fetter's case to the extent that it asked for declaratory relief.
 
 B. Sanctions
 
 22
 The government requests sanctions against Mr. Fetter for the bringing of a frivolous appeal. We have the discretion to impose sanctions against litigants, even those appearing pro se, for bringing a frivolous appeal. Fed.R.App.P. 38; Wilcox v. Commissioner, 848 F.2d 1007, 1008-09 (9th Cir.1988) "An appeal is frivolous if the result is obvious, or the arguments of error are wholly without merit." Id.
 
 
 23
 While Mr. Fetter's substantive claims are without merit, this court often considers other factors when determining whether sanctions are appropriate. The necessity of sending a message to litigants who have a long history of bringing frivolous claims in federal appellate courts is one such factor. In re Becraft, 885 F.2d 547, 549 (9th Cir.1989); see also Cook v. Spillman, 806 F.2d 948, 949 (9th Cir.1986) (sanctioning litigant whose claims thrice previously had been judicially declared frivolous). Our research reveals that this is the first appellate court in which Mr. Fetter has attempted to raise a frivolous claim, and hopefully it will be his last. We feel that it is appropriate to take this fact into consideration.
 
 
 24
 Also, because Mr. Fetter is pro se, he perhaps "has no appreciation for the limited nature of the federal judicial resources upon which all aggrieved individuals depend for vindication of statutory and constitutional rights." Becraft, 885 F.2d at 549-50. At this time, Mr. Fetter is put on notice of this fact, and he is warned against filing further frivolous actions. Accordingly, in our discretion we will only impose sanctions in the amount of $500. Cf. Grimes v. Commissioner, 806 F.2d 1451, 1454 (9th Cir.1986) (sanctioning pro se litigant $1,500 for filing his third frivolous action).
 
 
 25
 AFFIRMED WITH SANCTIONS.
 
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3