James S. **CLARRY**, Archer Bailey, George G. Faulkner, David B. McCollum and David P. Robertson, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

**UNITED STATES** of America, Federico F. Pena, as Secretary of the Department of Transportation of the United States, David R. Hinson, as Administrator of the Federal Aviation Administration, and James B. King, as Director of the Office of Personnel Management, Defendants.

No. 92–CV–4100 (TCP).

United States District Court, E.D. New York.

July 5, 1995.

Eric M. Lieberman and Laurie Edelstein; Rabinowitz, Boudin, Standard, Krinsky & Lieberman, P.C., New York City, for plaintiffs James Clarry, et al.

Zachary W. Carter, U.S. Atty., E.D.N.Y., Brooklyn, N.Y. (Nancy A. Miller, Asst. U.S. Atty., of counsel), for defendant U.S., et al.

PLATT, District Judge.

Plaintiffs, former Air Traffic Controllers, seek declaratory judgment and injunctive relief in this case which relates to the nationwide Air Traffic Controllers strike which began on August 3, 1981. Specifically, plaintiffs ask this Court to declare that the total

ban on their re-employment with the Federal Aviation Administration ("FAA"), and the related policy to ban their employment with private entities under contract with the FAA was, and in the case of the latter policy, continues to be unconstitutional. Moreover, plaintiffs claim that the policy violated the Administrative Procedures Act, 5 U.S.C. § 501, *et seq.*, and was not in accordance with federal regulations. Plaintiffs further seek an order requiring preferential reinstatement, and an injunction barring the FAA from enforcing the policy with regard to private contractors. At oral argument, and over defendant's objections, this Court granted plaintiff Clarry's motion to amend his complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure but held that it would address simultaneously the challenges to both pleadings (as if the amended pleading were treated as another pleading.) (Tr. at 2).[1] Defendants seek dismissal of the original complaint and the "amended" complaint on the grounds that the Court lacks subject matter jurisdiction, the claims are moot and that neither complaint states a claim upon which relief may be granted. For the reasons discussed below, plaintiff's original and plaintiffs' "amended" complaints are dismissed with prejudice.

## FACTS

On August 3, 1981, members of the Professional Air Traffic Controllers Organization, ("PATCO") of which plaintiff Clarry and the other plaintiffs were members, commenced an illegal, nationwide strike against the United States.[2] On that day, President Ronald Reagan issued an ultimatum directing the PATCO strikers to return to work within forty-eight hours or automatically be dis-

---

1. Citations to "T. at ___" refer to the transcript of oral argument of these motions on (November 18, 1994).

2. PATCO members commenced the strike despite warnings that they would be terminated, including early warnings by this Court as stated in *Air Transport Ass'n of America v. Professional Air Traffic Controllers Organization (PATCO)*, 453 F.Supp. 1287, 1294 (E.D.N.Y.1978) (Platt, J.), *aff'd*, 594 F.2d 851 (2d Cir.1978), *cert. denied*, 441 U.S. 944, 99 S.Ct. 2163, 60 L.Ed.2d 1046 (1979), and 516 F.Supp. 1108, 1113 (E.D.N.Y.

1981) (Platt, J.), *aff'd*, 667 F.2d 316 (2d Cir.1981) in which PATCO and its members were "gently remind[ed]" that they had taken oaths as federal employees including an oath not to participate in any strike against the government. *Id.*, 453 F.Supp. at 1294 and 516 F.Supp. at 1113.

In the second of these two *PATCO* decisions, we pointed out what plaintiffs seem to have conveniently forgotten viz that "strikes by federal employees continue to be illegal, 5 U.S.C. § 7311, and indeed criminal, 18 U.S.C. §§ 1918 and 2." 516 F.Supp. at 1110.

charged from employment with the FAA. Those air traffic controllers—approximately 11,000 of them—who did not report for work on August 5, 1981 were terminated.

Shortly after the strike, the Office of Personnel Management ("OPM") determined that pursuant to 5 C.F.R. § 731.303 the PATCO strikers were barred from any federal employment for three years. (Am.Compl. ¶ 25). On December 8, 1981, however, President Reagan issued a directive to the Administrator of the OPM. (Am.Compl. ¶ 28). The directive stated that after three years the discharged PATCO strikers should be permitted to apply for federal employment outside the scope of the FAA but that they should not be deemed suitable for employment with the FAA. (Am.Compl. ¶ 28). The OPM interpreted the directive as indefinitely banning the PATCO strikers from reemployment with the FAA and any public and private entities under a contract or which interfaced with the FAA. (Am.Compl. ¶¶ 29–33).

The ban on employment of PATCO strikers by the FAA remained in effect for nine years. On August 12, 1993, subsequent to the filing of this lawsuit, President Clinton repealed the ban instructing the Director of OPM, "that PATCO members should be eligible to apply, without preference, when there are openings with the FAA." Subsequently, plaintiff Clarry amended his complaint to add four other plaintiffs and class action allegations on behalf of themselves and others similarly situated.

Each plaintiff alleges that he applied for reinstatement as an air traffic controller with the FAA but was denied a suitability determination as well as employment. The years in which they allegedly applied are as follows: Clarry applied in 1991; Bailey applied in July 1993; Faulkner has applied every year since 1984; McCollum applied in 1990; Robertson has applied every year since 1984. (Am.Compl. ¶¶ 7–11). Moreover, in 1991 plaintiff Clarry applied for but was denied employment with a private company that was under contract with the FAA. (Am.Compl. ¶ 7).

## DISCUSSION

### a. Plaintiff's Original Complaint

Defendants seek dismissal of plaintiff James Clarry's original complaint on the grounds of mootness and lack of jurisdiction following the repeal of the employment ban in August 1993. Indeed, in his original complaint, plaintiff seeks a declaratory judgment against the FAA's former policy and an injunction against the aspect of the policy that prohibited private companies contracting with the FAA from recruiting or employing PATCO strikers. (Compl. ¶¶ 1–2). Moreover, plaintiff seeks $6,000,000.00 in damages and attorneys' fees. (Compl. ¶ 3–5).

It is a matter of public record that the ban on reinstatement of PATCO strikers was repealed by the President on August 12, 1993. Plaintiff amended his complaint to reflect this change. Indeed, in the amended complaint plaintiffs challenge only the bar against their employment by the FAA imposed between August 1984 and August 1993. (Am.Compl. ¶¶ 1, 61). Plaintiff does not allege that the former policy is still in effect and accordingly, his requests for a declaratory judgment and an injunction against the former policy banning his employment with the FAA are moot.

As to the money damages, plaintiffs delete all requests for the same in their amended complaint. Defendants argue that by their amendments plaintiffs implicitly acknowledge that there is no jurisdictional basis for an award of such damages. Notwithstanding defendants' arguments, where plaintiffs seek only declaratory and injunctive relief in the amended complaint, the Court considers plaintiffs' requests for monetary relief withdrawn.

### b. The Amended Complaint

By amending his complaint plaintiff added additional plaintiffs who, like himself, were PATCO members who participated in the illegal strike in 1981 and class action allegations. Plaintiffs seek a declaration that the total ban on their re-employment with the FAA was unconstitutional and violated the Administrative Procedures Act, 5 U.S.C. § 501, et seq. They also seek a declaration

that the current policy to ban their employment with private entities under contract with the FAA violates the Constitution and was not promulgated in accordance with federal regulations. Lastly, plaintiffs seek an order enjoining the enforcement of such a policy and requiring preferential hiring of PATCO strikers by the FAA. Defendants seek dismissal of the amended complaint on the grounds that it fails to state a claim on which relief may be granted. Fed.R.Civ.P. 12(b)(6).

■■■ When presented with a motion to dismiss, a Court must accept all of plaintiffs' allegations as true. *Allen v. WestPoint–Pepperell, Inc.,* 945 F.2d 40, 44 (2d Cir.1991). The Court must limit its review to the factual allegations in the complaint and accordingly, any affidavits submitted with regard to this motion were not taken into consideration by the Court. On the other hand, the Court is permitted to take judicial notice of matters of public record, *Hertz Corp. v. City of New York,* 1 F.3d 121, 125 (2d Cir.1993) *cert. denied, City of New York v. Hertz Corp.,* —— U.S. ——, 114 S.Ct. 1054, 127 L.Ed.2d 375 (1994); 5A Charles A. Wright and Arthur R. Miller, *Federal Practice & Procedure* § 1357 at 299 (1990), and documents which are incorporated by reference in the complaint. *Goldman v. Belden,* 754 F.2d 1059, 1059–66 (2d Cir.1985); *Feder v. MacFadden Holdings, Inc.,* 698 F.Supp. 47, 50 (S.D.N.Y.1988). Nevertheless, "dismissal of a complaint is proper only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Hertz Corp.,* 1 F.3d at 125 (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)).

■■■ Plaintiffs allege that between August 1984 and August 1993 they were deprived of their right to due process guaranteed by the Fifth Amendment to the United States Constitution and their right to pursue employment with the federal government. Whether plaintiffs were denied due process depends upon whether they had a property or liberty interest in their federal employment. *Board of Regents of State Colleges v. Roth,* 408 U.S. 564, 571, 92 S.Ct. 2701, 2706, 33 L.Ed.2d 548 (1972). A protected property interest in employment arises where a person has a "legitimate claim of entitlement" to a benefit. *Roth,* 408 U.S. at 577, 92 S.Ct. at 2709. Plaintiffs claim that between August 1984 and August 1993 they had a legitimate claim of entitlement to reemployment with not only the federal government in general, but with the FAA in particular. This claim of entitlement, they argue, stemmed from an OPM regulation, 5 C.F.R. § 731.303, that provides for a maximum three-year period of debarment from employment with the federal government. Thus, plaintiffs argue that once three years passed from the time of the strike, President Reagan's decision to ban permanently PATCO strikers from reemployment with the FAA, and the OPM's interpretation of the ban, were unconstitutional. Plaintiffs also argue, alternatively, that despite their termination by the FAA in 1981, they retained a property interest in their positions with the FAA which entitled them to be considered for reemployment with the FAA after three years.

This distinction, however, is not dispositive. The President's directive, as interpreted by the OPM, was lawful and if plaintiffs had any entitlement to federal employment, it was lost when they illegally participated in the strike. This Court is hardly the first to address the legality of the ban as it applied to PATCO strikers and we find persuasive support in the opinions of Courts in other circuits on this issue. *See Dehainaut v. Pena,* 32 F.3d 1066 (7th Cir.1994), *cert. denied* —— U.S. ——, 115 S.Ct. 1427, 131 L.Ed.2d 309 (1995); *Wagner v. Office of Personnel Management,* 783 F.2d 1042 (Fed. Cir.), *cert. denied* 477 U.S. 906, 106 S.Ct. 3276, 91 L.Ed.2d 566 (1986); *Korte v. Office of Personnel Management,* 797 F.2d 967 (Fed.Cir.1986). Not one of these Courts has found that the ban was unconstitutional or otherwise illegal for good reason: In accordance with 5 U.S.C. § 7311 any federal employee who participates in a strike against the United States may be banned from any future employment with the federal government for an indefinite period of time. *Dehainaut,* 32 F.3d at 1074; *Wagner,* 783 F.2d at 1045–46; *Korte,* 797 F.2d at 970. Furthermore, the United States Supreme Court has

held that conditioning federal employment on the employee's promise not to strike is neither arbitrary and capricious nor a violation of the constitutional rights of federal employees. *Korte,* 797 F.2d at 970 (citing *United Federation of Postal Clerks v. Blount,* 404 U.S. 802, 92 S.Ct. 80, 30 L.Ed.2d 38 (1971), *aff'g,* 325 F.Supp. 879 (D.D.C.1971)). Thus, plaintiffs have no claim to entitlement to any federal employment following their acknowledged participation in the unlawful August 1981 strike.

The Presidents' decision to limit the indefinite ban only on employment with the FAA, but to allow reemployment with the federal government after three years was a gratuitous accommodation to the PATCO strikers despite the broader ban on reemployment found in section 7311. *Wagner,* 783 F.2d at 1046. The three-year disbarment policy of 5 C.F.R. § 731.303 is not controlling, and in any event, was superseded by 5 U.S.C. § 7311 with which the President's directive and the OPM's policy were in complete accord. *See Korte,* 797 F.2d at 970; *Dehainaut,* 32 F.3d at 1074.

■ Moreover, the OPM's interpretation of the directive was not unlawful or unreasonable. The Director of the OPM has broad discretion in interpreting a Presidential directive relating to federal personnel matters. *Wagner,* 783 F.2d at 1045. The interpretation adopted by the agency must be reasonable, " 'and it is considered reasonable' unless it is plainly erroneous or inconsistent with the [President's order]." *Id.* at 1045 (quoting *Kester v. Campbell,* 652 F.2d 13, 15–16 (9th Cir.1981), *cert. denied,* 454 U.S. 1146, 102 S.Ct. 1008, 71 L.Ed.2d 298 (1982)); *see also, Dehainaut,* 32 F.3d at 1073. The OPM's policy to refuse PATCO strikers suitability determinations and reinstatement with the FAA was entirely consistent with the President's directive. The OPM's related policy to ban employment with private FAA contractors is also consistent with and reasonable in light of the indefinite ban on employment with the FAA. Therefore plaintiffs' arguments that the OPM violated the employment regulations embodied in 5 C.F.R. 731.303 are, like their constitutional arguments, without merit. Accordingly,

plaintiffs first and second claims for relief must be dismissed.

■ Plaintiffs' third claim for relief, that the OPM's failure to publish general notice of the indefinite ban in the *Federal Register* violated the Administrative Procedure Act § 501, *et seq.* is also without merit. Under the APA, "[e]ach agency shall ... currently publish in the Federal Register for the guidance of the public interpretations of general applicability *formulated and adopted by the agency.*" 5 U.S.C. § 552(a)(1)(D) (1982) (emphasis added); *State of New York v. Lyng,* 829 F.2d 346, 354 (2d Cir.1987). For the reasons discussed below, plaintiffs APA claim is dismissed.

Plaintiffs first argument, that the President did not have the authority to issue the directive and thereby circumvent the APA requirements, is untenable. The Presidents's directive did not revoke or supersede an agency regulation as plaintiffs contend; it enforced the clear language of Section 7311 and even offered an accommodation, which was not otherwise legally available to the PATCO strikers. Moreover, it was Congress that decided that federal employees who participated a strike against the United States could be indefinitely barred from reemployment, *see* 5 U.S.C. § 7311, not the President or the OPM. As the plain language of the statute provides, the APA's notice requirements apply to rules formulated and adopted by an agency, not the application a statute created by Congress. *See Malkan FM Associates v. Federal Communications Commission,* 935 F.2d 1313, 1318 (D.C.Cir.1991); *Hudson v. United States,* 766 F.2d 1288, 1291 (9th Cir.1985). That the OPM "was acting under the express direction of the President," *Korte,* 797 F.2d at 970, does not recast the substance of the directive or the OPM's interpretation as an agency action that was subject to the notice requirements of the APA.

In addition, plaintiffs argue that the indefinite ban was unlawful because it was a legislative rule, rather than an interpretive rule that would be exempt from the notice procedures. *See* 5 U.S.C. § 553(b); *Lyng,* 829 F.2d at 353 (stating that a legislative rule is one that changes existing rights and obli-

gations). Even if we were to accept plaintiffs' analysis the argument must fail because, as discussed *supra,* in light of 5 U.S.C. § 7311, the OPM's regulations set out in 5 C.F.R. § 731.303 did not create any rights for plaintiffs to be considered for reemployment with the FAA after three years or any obligations on the part of the OPM to perform suitability determinations of former PATCO strikers. Accordingly, the OPM did not violate the APA in interpreting the policy indefinitely banning PATCO strikers.

■ Lastly, plaintiffs allege that they have been deprived of liberty and property interests to pursue employment because the FAA inserted and continues to insert into its contracts with private companies prohibitions on the recruitment or employment of PATCO strikers. It must be noted that at present plaintiffs seek only a declaration that the policy currently violates the Constitution and an order enjoining any current or future enforcement.

Plaintiffs Faulkner and Robertson allege, generally, that they have applied every year since 1984 for reinstatement with the FAA. Plaintiff Clarry alleges that in 1991 he applied for but was denied employment with a private company contracting with the FAA. Not one of the plaintiffs, however, alleges that they have applied for and have been denied employment with a private company under contract with the FAA following the repeal of the ban. Accordingly, plaintiffs have not alleged that any one of them has suffered any injury from an enforcement of such a ban following the repeal of the overall ban on employment with the FAA. Thus, plaintiffs lack standing to challenge the alleged enforcement of such a ban following the August 1993 repeal.

Moreover, although plaintiffs claim that the FAA has and continues to insert prohibitions into its contracts which bar non-agency employment of PATCO strikers (Am.Compl. ¶¶ 71–72) plaintiffs have not offered any facts to support their allegations that the former policy, or a new policy, are being enforced in any manner, *see supra.* Indeed, counsel for plaintiffs acknowledged at oral argument that the former ban was repealed (Tr. at 3) and failed to argue that anyone had been

subject to the policy following the repeal. Although this Court is bound to accept plaintiffs allegations, it need not accept as true allegations that contradict facts which may be judicially noticed. *See Mullis v. United States Bankruptcy Ct.,* 828 F.2d 1385, 1388 (9th Cir.1987), *cert. denied,* 486 U.S. 1040, 108 S.Ct. 2031, 100 L.Ed.2d 616 (1988). Thus, despite plaintiffs Faulkner's and Robertson's general allegations that they have applied for and have been denied employment with the FAA every year since 1984, (Compl.Am.Compl. ¶¶ 9, 11), neither alleges that they have actually applied for employment following the August 1993 repeal. Therefore, in light of the repeal, there is simply no genuine claim with regard to the issue of whether or not the FAA is enforcing or has enforced a policy of barring PATCO strikers from employment with the FAA since August 12, 1993. Accordingly, plaintiffs have not stated a claim upon which this Court, or any other, could grant the requested injunctive relief and this claim is also hereby dismissed.

■ Finally, plaintiffs seek an order from this Court requiring plaintiffs and the class they represent be granted first priority for all jobs within the FAA for which they are qualified. In light of the foregoing such an order is not warranted. Furthermore, the Court takes judicial notice that as part of the August 12, 1993 memorandum repealing the ban, President Clinton stated, "I believe sanctions have been in effect long enough and that PATCO members should be eligible to apply, without preference, when there are openings with the FAA." The first-priority hiring is clearly not contemplated by the President, and plaintiff has offered no statutory, regulatory or other basis upon which this Court should issue an order of that kind.

### CONCLUSION

Defendants' motions to dismiss the original and "amended" complaint are hereby granted. The claims in the original complaint are moot and/or deemed withdrawn following plaintiffs' amendment of the original com-

plaint. The "amended" complaint does not state claims on which relief may be granted.

SO ORDERED.