996 F.2d 1223
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jerry A. BOYD, Plaintiff-Appellant,
v.
UNITED STATES of America; District Director of the Internal
Revenue Service; John Doe, Return Examiner;
United States Internal Revenue Service,
Defendants-Appellees.
 No. 92-35424.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 27, 1993.*
Decided May 20, 1993.
 
 Before BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jerry A. Boyd appeals pro se the district court's orders (1) dismissing his 28 U.S.C. § 2410 action for failure to state a claim for which relief can be granted; and (2) denying his Fed.R.Civ.P. 59(e) motion for reconsideration. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.
 
 
 3
 * Dismissal of Action
 
 
 4
 We review de novo the district court's dismissal of Boyd's action. See Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990). We may affirm on any ground supported by the record. Id.
 
 
 5
 The United States, as a sovereign, may not be sued without its consent. United States v. Testan, 424 U.S. 392, 399 (1976). A court's jurisdiction to hear a suit against the government is defined by the terms of the government's consent. Id. Thus, any suit against the United States must be brought in compliance with the specific statute under which the government has waived its sovereign immunity. See id. A suit against Internal Revenue Service ("IRS") officers or employees in their official capacity is essentially a suit against the United States and is barred by sovereign immunity absent statutory consent. Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir.1985).
 
 
 6
 Section 2410 constitutes a waiver of sovereign immunity for actions within its scope. See Arford v. United States, 934 F.2d 229, 234 (9th Cir.1991). In pertinent part, section 2410 provides that "the United States may be named a party in any civil action or suit in any district court ... to quiet title to ... real or personal property on which the United States has or claims a mortgage or other lien." 28 U.S.C. § 2410; see Hughes v. United States, 953 F.2d 531, 537-38 (9th Cir.1992). Under section 2410, a party may bring a quiet title action to challenge the procedural validity of a tax lien or levy but not the merits of the underlying tax assessment. Arford, 934 F.2d at 232.
 
 
 7
 In his complaint, Boyd alleged the IRS illegally imposed additions to his tax pursuant to 26 U.S.C. §§ 6653 and 6654.[1] He claimed the IRS could not legally impose the additions because he did not file income tax returns for the tax years in question. Boyd thus sought removal of the government's lien on his wages.
 
 
 8
 We agree with the district court that Boyd failed to state a claim under section 2410. Boyd did not challenge the procedural validity of the IRS's lien on his property. Rather, he only challenged the legality of the IRS's imposition of additions to his tax. Accordingly, the United States did not waive its sovereign immunity under section 2410 and the district court did not err by dismissing Boyd's action. See Arford, 934 F.2d at 232.[2]
 
 II
 Denial of Reconsideration
 
 9
 We review the district court's denial of Boyd's motion for reconsideration for abuse of discretion. Fuller v. M.G. Jewelry, 950 F.2d 1437, 1442 (9th Cir.1991).
 
 
 10
 In his motion for reconsideration, Boyd for the first time alleged the IRS failed to send him notices of assessment and demands for payment as required under 26 U.S.C. § 6303(a). At the same time, he alleged the IRS sent him notices of proposed adjustments and demands for payment of penalties and interest.
 
 
 11
 Based on these allegations, the district court determined that the IRS sent Boyd notices of assessment and demands for payment. We agree. See Elias v. Connett, 908 F.2d 521, 525 (9th Cir.1990) (notice and demand sufficient as long as it provides taxpayer with all information required under section 6303). Therefore, the district court did not abuse its discretion by denying Boyd's motion for reconsideration. See Fuller, 950 F.2d at 1442.
 
 III
 Sanctions
 
 12
 The government requests sanctions against Boyd for filing a frivolous appeal. This appeal is frivolous because the result is obvious and Boyd's arguments are wholly without merit. See Arford, 934 F.2d at 232; Roat, 847 F.2d at 1381. Nevertheless, in exercise of our discretion we deny the government's request for sanctions. See Fed.R.App.P. 38; 28 U.S.C. § 1912. We caution Boyd, however, that we are denying sanctions only because he apparently is a first-time litigant in our court. We accordingly remind Boyd that further frivolous appeals may result in sanctions against him despite his status as a pro se litigant. See Wilcox v. Commissioner, 848 F.2d 1007, 1008-09 (9th Cir.1988).
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Section 6653 authorizes the IRS to impose additions to tax when a taxpayer negligently or fraudulently fails to pay income tax. See 26 U.S.C. § 6653(a) & (b). Section 6654 authorizes the IRS to impose additions to tax when a taxpayer fails to pay his or her estimated income tax. See id. § 6654(a)
 In his opening brief, Boyd alleges the IRS also imposed an addition under 26 U.S.C. § 6651. That section authorizes the IRS to impose additions to tax for failure to file a tax return or to pay a tax. See id. § 6651(a).
 
 
 [2]
 Moreover, Boyd's contention that the IRS illegally imposed additions to his tax lacks merit. The fact that Boyd did not file tax returns for the tax years in question did not preclude the IRS from determining income tax deficiencies against him. See Roat v. Commissioner, 847 F.2d 1379, 1381 (9th Cir.1988). Therefore, the IRS was not barred from imposing additions to his tax