Marlin ARFORD; Wanda Arford, Plaintiffs–Appellants,

v.

UNITED STATES of America, Defendant–Appellee.

No. 89–35719.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 9, 1990.

Decided May 31, 1991.

Marlin & Wanda Arford, plaintiffs-appellants pro per.

Robert W. Metzler, U.S. Dept. of Justice, Tax Div., Washington, D.C., for the defendant-appellee.

Before FLETCHER, FARRIS and BOOCHEVER, Circuit Judges.

BOOCHEVER, Circuit Judge:

Marlin and Wanda Arford appeal *pro se* the district court's grant of the government's summary judgment motion in their quiet title action. The Arfords challenged the Air Force's transfer of Marlin's retirement pay to the Internal Revenue Service in satisfaction of unpaid tax assessments. The district court concluded that the government had not waived its immunity from suit. We find 28 U.S.C. § 2410 operates as a waiver of sovereign immunity and therefore reverse and remand to the district court for further proceedings on the merits.

## BACKGROUND

The Internal Revenue Service assessed Marlin approximately $30,000 and Wanda $13,000 in back taxes and statutory additions for the years 1976, 1979 through 1982, 1984, and 1985. The IRS sent a notice of levy on Marlin's retirement pay to the Retirement Pay Division of the Air Force. The IRS then credited $396, representing a portion of Marlin's monthly retirement paycheck, to his outstanding tax account. Noticing the reduction, Marlin called the Air Force and was advised that the money was being used to satisfy unpaid tax assessments.

Wanda and Marlin sued the United States seeking to quiet title to and recover Marlin's retirement pay.[1] They alleged that the government: 1) did not assess their taxes as required by 26 U.S.C. §§ 6201 & 6203; 2) did not send them the proper notices as required by 26 U.S.C. §§ 6331–6333 & 6335, and 3) made an improper claim against Wanda's community property interest in the pay. The government filed a motion to dismiss, which the district court treated as one for summary judgment due to the inclusion of documents in affidavit form. The district court granted the motion, concluding that it had no jurisdiction to hear the complaint because the United States had not waived its sovereign immunity. The Arfords now appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291.

## DISCUSSION

In an action against the United States, in addition to statutory authority granting subject matter jurisdiction, there must be a waiver of sovereign immunity. *DeMasters v. Arend,* 313 F.2d 79, 84 (9th Cir.), *cert. dismissed,* 375 U.S. 936, 84 S.Ct. 341, 11 L.Ed.2d 269 (1963). In other words, the United States must consent to be sued. *Gilbert v. DaGrossa,* 756 F.2d 1455, 1458 (9th Cir.1985). Whether the United States waived its sovereign immunity is a question of law reviewed *de novo. United States v. Washington,* 872 F.2d 874, 877 (9th Cir. 1989).

The district court had subject matter jurisdiction pursuant to 28 U.S.C. § 1340.[2] That section states in relevant part that "[t]he district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue...." Section 1340, however, does not constitute a waiver of sovereign immunity. *DeMasters,* 313 F.2d at 84.[3] The Arfords alleged sovereign immunity was waived by 26 U.S.C. § 7426 as to the requested recovery relief and 28 U.S.C. § 2410 as to the requested quiet title relief.[4] We consider these two provisions in turn.

### *Sovereign immunity under 26 U.S.C. § 7426*

Title 26 U.S.C. § 7426(a)(1) provides that "any person (other than the person

---

1. We recently received a letter from Marlin Arford in which he essentially seeks to amend his complaint by adding new forms of relief. In view of the Arfords's *pro se* status, upon remand, the district court, in its discretion, may grant the Arfords leave to amend. *See Nguyen v. United States,* 792 F.2d 1500, 1502 (9th Cir. 1986).

2. The Arfords also alleged subject matter jurisdiction pursuant to 26 U.S.C. § 7426 and 28 U.S.C. § 1331. We need not decide whether those statutes granted subject matter jurisdiction as we hold that there is jurisdiction under § 1340.

3. The Anti–Injunction Act, 26 U.S.C. § 7421, is a further bar to suit against the government in federal court on taxpayers' claims that they do *not* owe taxes: the government cannot be enjoined from the collection of taxes unless the

taxpayer timely proceeds through the administrative process in tax court. *See Elias v. Connett,* 908 F.2d 521, 523 (9th Cir.1990) (discussing Anti–Injunction Act and its narrow exceptions). *See generally* Wilkens & Matthews, *A Survey of Federal Tax Collection Procedure: Rights and Remedies of Taxpayers and the Internal Revenue Service,* 3 Alaska L.Rev. 269 (1986) (discussion of relationship between administrative and judicial proceedings in tax collection context).

4. The Arfords also cite 5 U.S.C. § 702 which serves as a waiver of sovereign immunity as to equitable relief in appropriate cases. The Arfords seek to quiet the title to Marlin's retirement benefits. A quiet title action is an equitable claim. *See Look v. Guam,* 497 F.2d 699, 700 (9th Cir.1974). Because we conclude that 28 U.S.C. § 2410 serves as a waiver as to the quiet title claim, *see infra,* we need not decide whether § 702 could also serve as a waiver.

against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States...." Thus, there are three prerequisites for establishing a § 7426 waiver. First, the person must not be one "against whom is assessed the tax." Second, the person must claim a legally cognizable "interest" in the property. Third, the property must have been "wrongfully levied upon." Marlin obviously cannot obtain a waiver pursuant to § 7426 as he is the person "against whom is assessed the tax." As for Wanda, however, we need not determine whether she is a person "against whom is assessed the tax," as she has no legally cognizable "interest" in the pay.

■ Wanda claims a community property interest in the pay. A state may elect to treat "disposable retired or retainer pay" as community property. 10 U.S.C. § 1408(c)(1) (1988). Idaho has so elected. *Griggs v. Griggs*, 107 Idaho 123, 686 P.2d 68 (1984). However, retirement pay "owed ... to the United States" is excluded from the definition of "disposable retired or retainer pay," 10 U.S.C. § 1408(a)(4)(A) (1988),[5] and thus is not subject to a state's marital property law. *Mansell v. Mansell*, 490 U.S. 581, 586, 109 S.Ct. 2023, 2027, 104 L.Ed.2d 675 (1989). In short, the withheld portion of Marlin's retirement pay is not subject to Wanda's community property interest. Thus, she has no legally cognizable "interest" in Marlin's retirement pay. We therefore conclude that § 7426 does not serve as a waiver of sovereign immunity in this case.

*Sovereign immunity under 28 U.S.C. § 2410*

■ Title 28 U.S.C. § 2410 states in relevant part, "the United States may be named a party in any civil action or suit in any district court ... to quiet title to ... real or personal property on which the United States has or claims a mortgage or other lien." Section 2410 has been interpreted to allow quiet title actions challenging the procedural aspects of tax liens, but not the merits of the underlying tax assessments. *See, e.g., Elias v. Connett*, 908 F.2d 521, 527 (9th Cir.1990); *United States v. Coson*, 286 F.2d 453, 456 (9th Cir.1961).

The Arfords contend that they are indeed challenging procedural aspects of the lien. The government argues that their action is ultimately a masked challenge to the assessment. While there is probably merit in the government's assertion, the district court found, and we agree, that some of the complaint's allegations involve procedural irregularities.

■ The Arfords alleged the government did not assess the taxes as required by 26 U.S.C. §§ 6201 & 6203. Section 6201 describes the Secretary's assessment authority. Thus, no procedural claim can flow from that section. Section 6203 defines the method of assessment and requires that the taxpayer be furnished with a copy of the assessment record if he or she so requests. To the extent that the Arfords are challenging the amount assessed by the IRS under § 6203, 28 U.S.C. § 2410 does not serve as a waiver. But to the extent they are challenging the procedural lapses of the assessment under § 6203, § 2410 does serve as a waiver of sovereign immunity. We leave to the district court the fleshing out of the § 6203 claim because the Arfords fail to state its particulars in their complaint.

■ The Arfords also allege that they did not receive the proper notices as required by 26 U.S.C. §§ 6331–6333 & 6335. Section 6331 sets forth the levy procedure, including a requirement that a notice of intention to levy be sent to the taxpayer "no less than 30 days before the day of the levy." Sections 6332 and 6333 do not contain any relevant notice requirements. Section 6335 requires that a notice of seizure be sent to the taxpayer "as soon as

---

5. Although Marlin contends that he does not "*owe* the United States Corporate Government anything," such an assertion impermissibly goes to the merits of the assessment. *See* 26 U.S.C. § 7426(c) (1988) (For purposes of a § 7426 action, "the assessment of tax upon which the interest or lien of the United States is based shall be conclusively presumed to be valid.").

practicable" after the seizure. Again, to the extent that this claim contains alleged procedural lapses under §§ 6331 & 6335, 28 U.S.C. § 2410 serves as a waiver of immunity.

*The government's claim of set-off*

■ Relying on a First Circuit case, *United States v. Warren Corp.*, 805 F.2d 449 (1st Cir.1986), the government attempts to avoid these procedural claims by asserting that the transfer of money from the Air Force to the IRS was a set-off not subject to the procedural requirements governing transfers by lien and levy. In *Warren*, the Army transferred $144,026.55 to the IRS on behalf of an owing taxpayer who had served as the general contractor on a construction project for the Army. The contractor's surety sued the United States under 26 U.S.C. § 7426, alleging that the IRS "had wrongfully levied upon the earned contract balance to reduce Warren's outstanding tax liability." *Id.* at 451. The court held "a government agency's transfer to the IRS of funds owed to a delinquent taxpayer should properly be characterized as a set-off by the federal government even if the transfer occurs pursuant to a formal notice of levy." *Id.* at 452–53. Accordingly, the court decided that "the district court lacked jurisdiction to consider [the] matter as a wrongful levy action pursuant to section 7426." *Id.* at 453. The *Warren* court believed its conclusion was bolstered by the regulation which provides that "no cause of action arises under [§ 7426] where the United States sets-off an amount due to the taxpayer against taxes owed by him since no levy has been made." *Id.* at 453 n. 4 (quoting 26 C.F.R. § 301.7426–1(a)(1) (1986)) (emphasis omitted).

We reject the *Warren* approach. First, 26 C.F.R. § 301.7426–1(a)(1) is not instructive as it refers to set-offs *within* the IRS—an *intra*-agency transfer of funds, not an *inter*-agency transfer. If a taxpayer is due a tax refund but contemporaneously owes more taxes, the IRS can set off the tax refund against the taxes owed, without involving any other government agency. Here, we are faced with an *inter*-agency transfer of funds—money was transferred from the Air Force Retirement Division to the IRS. Second, the language of the levy statute expresses Congress's intent that inter-agency transfers of money to satisfy tax debts be subject to the same requirements as transfers of money from nongovernmental entities to the IRS:

(a) Authority of Secretary.—If any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary to collect such tax ... by levy upon all property and rights to property ... belonging to such person or on which there is a lien provided in this chapter for the payment of such tax. *Levy may be made upon the accrued salary or wages of any officer, employee, or elected official, of the United States ... by serving a notice of levy on the employer....*

(d) Requirement of notice before levy.—

(1) In general.—Levy may be made under subsection *(a) upon the salary or wages* ... only after the Secretary has notified such person in writing of his intention to make such levy.

26 U.S.C. § 6331 (1988) (emphasis added). Thus, the statute refers to the transfer of money owed by a federal employee to the IRS as a "levy," not a "set-off." Although here the money transferred was military retirement pay benefits, not wages, the distinction is inconsequential. Finally, the Fifth Circuit in *United Sand & Gravel Contractors, Inc. v. United States*, 624 F.2d 733, 736–37 (5th Cir.1980), rejected a similar set-off argument, emphasizing that when the IRS relies on an inter-agency transfer of funds to satisfy a tax debt, it does comply with the levy formalities and, moreover, is levying upon the property of the taxpayer, not setting off a debt of the other federal agency. Accordingly, the Fifth Circuit held that the legal label of such a transfer is "levy," not "set-off." *Id.* at 736.

We agree with the *United Sand & Gravel* analysis. If Marlin had worked for a private company and had been receiving

retirement benefits from that company, the IRS would have been bound by the notice requirements governing levies. We do not believe that Congress intended that one would not be entitled to notice merely because he worked for a branch of the government rather than a private company. *Cf. Sims v. United States*, 359 U.S. 108, 110, 79 S.Ct. 641, 644, 3 L.Ed.2d 667 (1959) ("Nothing in the Constitution requires that the salaries of state employees be treated any differently, for federal tax purposes, than the salaries of others."). In short, the government's attempt to avoid a waiver of sovereign immunity under 28 U.S.C. § 2410, by merely calling the levy a set-off, fails. Section 2410 therefore waives sovereign immunity, and vests the district court with jurisdiction to consider the alleged procedural irregularities. As the district court did not reach the merits of these claims, remand is necessary because it is unclear from the record whether the IRS provided the necessary notices.

## CONCLUSION

Title 26 U.S.C. § 7426 does not serve as a waiver of sovereign immunity as to the Arfords's recovery action but 28 U.S.C. § 2410 serves as a waiver as to their quiet title action. We therefore affirm summary judgment as to the recovery action, but reverse as to the quiet title action and remand for further proceedings on the merits of the Arfords's procedural defect claims. We note, however, that since the commencement of this action, the government has brought an action against Marlin to reduce to judgment his unpaid tax liabilities. Upon remand, the district court may consider consolidation of the two cases.

Each party shall bear their own costs on appeal.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.