953 F.2d 1387
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert L. PANGBURN, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 91-15330.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 28, 1992.*
Decided Feb. 3, 1992.
 
 Before WALLACE, Chief Judge, and SNEED and ALARCON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert L. Pangburn appeals pro se the district court's summary judgment and dismissal of his action challenging the Internal Revenue Service's ("IRS") seizure of his property for unpaid federal tax liabilities. In his complaint, Pangburn contended that the IRS' liens were invalid because it had failed to execute a valid assessment pursuant to 26 U.S.C. § 6203 and that the IRS had disclosed tax return information in violation of 26 U.S.C. § 6103. The district court dismissed Pangburn's assessment claim for lack of jurisdiction and granted summary judgment on the disclosure claim for the IRS. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990), and affirm in part, reverse in part, and remand.
 
 
 3
 * Wrongful Disclosure
 
 
 4
 "Section 6103 of the Code provides the general rule that 'returns' and 'return information' are confidential.... Section 7431 of the Code creates a private cause of action by the taxpayer against the United States for improper disclosure of such information and provides for damages." Maisano v. United States, 908 F.2d 408, 410 (9th Cir.1990). An exception to this general rule allows the IRS to disclose
 
 
 5
 return information to the extent that such disclosure is necessary in obtaining information ... with respect to the correct determination of tax, liability for tax, or the amount to be collected or with respect to the enforcement of any other provision of this title.
 
 
 6
 26 U.S.C. § 6103(k)(6).
 
 
 7
 Here, Pangburn argues that the IRS violated section 6103 by disclosing his tax return information when it filed various tax liens and levies against him in connection with Pangburn's assessed tax liabilities. The disclosures were made to effectuate the liens and levies necessary to collect Pangburn's liabilities and, accordingly, were not in violation of section 6103. See 26 U.S.C. § 6103(k)(6); Maisano, 908 F.2d at 410 (disclosure in connection with IRS' collection activities allowed). Therefore, the district court properly granted summary judgment for the IRS on Pangburn's wrongful disclosure claim.
 
 II
 Jurisdiction
 
 8
 A taxpayer may bring an action to quiet title to property on which the United States has a lien. 28 U.S.C. § 2410. Subsequent to the district court's decision here, we have interpreted section 2410 as a limited waiver of the United States' sovereign immunity in "actions challenging the procedural aspects of tax liens." Arford v. United States, 934 F.2d 229, 232 (9th Cir.1991) (section 2410 waives sovereign immunity if taxpayer challenges procedural aspects of assessment or levy). Nevertheless, a taxpayer "may not use a section 2410 action to collaterally attack the merits of an assessment." Elias v. Connett, 908 F.2d 521, 527 (9th Cir.1990).
 
 
 9
 Here, Pangburn argued in his complaint that the IRS did not execute a proper assessment in accordance with its regulations. He also argued that the IRS violated its notice requirements set forth in 26 U.S.C. §§ 6331, 6335. In so far as Pangburn challenges the procedural validity of his assessment under 26 U.S.C. § 6203, and of the levy under 26 U.S.C. § 6331, section 2410 waives sovereign immunity. See Arford, 934 F.2d at 232-33. Thus, the district court should not have dismissed Pangburn's procedural challenge for lack of jurisdiction based on sovereign immunity, and we remand for further proceedings. See id. at 234.
 
 
 10
 AFFIRM IN PART, REVERSED IN PART, AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3