977 F.2d 589
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Atao HEALY; John Patrick Healy,
Plaintiffs-counter-claim-Defendants-Appellant,
v.
UNITED STATES of America, Defendant-counter-claimant-Appellee.
 No. 91-55656.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 13, 1992.*
Decided Oct. 21, 1992.
 
 Before BEEZER, CYNTHIA HOLCOMB HALL and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John P. Healy and Atao Healy appeal pro se the district court's order dismissing their quiet title action under 28 U.S.C. § 2410 and granting summary judgment to the United States in its counterclaim seeking to reduce to judgment John P. Healy's federal income tax liabilities for tax years 1980 and 1981, and to foreclose federal tax liens against his interest in the property to which the Healys sought to quiet title. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.
 
 II
 Merits
 A. United States' Counterclaim
 
 3
 The Healys contend that the district court lacked jurisdiction over the Internal Revenue Service's ("IRS") counterclaim because (1) the IRS failed to identify the internal revenue law which imposed a tax liability on the Healys and (2) the counterclaim was not properly authorized by the Secretary of the Treasury, as required by 26 U.S.C. § 7401, because the IRS office from which the authorization was issued is not listed in the Federal Register pursuant to 5 U.S.C. § 552(a)(1). These contentions lack merit.
 
 
 4
 The IRS is authorized to reduce an unpaid tax assessment to judgment and to foreclose federal tax liens which arise from the assessment. See 28 U.S.C. §§ 7401-7403 & 6502(a)(1) (six-year limitation period).
 
 
 5
 Here, the IRS properly established a tax liability against the Healys for tax years 1980 and 1981 based on the previous tax court decisions. See Commissioner v. Sunnen, 333 U.S. 591, 598 (1948) ("[i]f a claim of liability or nonliability relating to a particular tax year is litigated, a judgment on the merits is res judicata as to any subsequent proceeding involving the same claim and the same year"). Thus, the Healys may not relitigate the merits of the assessment, including challenges to the statutory authority to impose the tax. See id.
 
 
 6
 Moreover, in Hughes v. United States, we recently dismissed as meritless a taxpayer's claim that 5 U.S.C. § 552(a)(1) required "the publication of internal delegations of administrative authority to enforce the Internal Revenue laws." 953 F.2d 531, 539 (9th Cir.1992) ("Treasury Department is not obligated to publish an order creating a branch office or internally delegating authority to that office").[1]
 
 
 7
 Thus, the government's counterclaim seeking to reduce to judgment John P. Healy's federal income tax liabilities for tax years 1980 and 1981 and to foreclose federal tax liens against his interest in certain property was properly before the district court. See 28 U.S.C. §§ 7401-7403; Hughes, 953 F.2d at 539.
 
 
 8
 The Healys also contend that the IRS's counterclaim is void and the IRS was not entitled to summary judgment because the IRS failed to follow its regulations for making a valid assessment and sending a valid notice and demand for payment pursuant to 26 U.S.C. §§ 6203 & 6303. This contention also lacks merit.[2]
 
 
 9
 The IRS submitted Certificates of Assessments and Payments ("Certificates") to show that it had complied with sections 6203 and 6303. The Certificates indicated that the Healys were properly assessed for their tax liabilities. See Hughes, 953 F.2d at 535, 539-40 (Certificates are not hearsay or inadmissable computer summaries, but rather "are themselves [admissible] proof that assessments were made"); United States v. Zolla, 724 F.2d 808, 810 (9th Cir.) (in absence of contrary evidence, Certificates are sufficient to establish valid assessment), cert. denied, 469 U.S. 830 (1984). The Healys failed to present sufficient evidence to refute the presumption of the assessment's validity, and therefore, the district court properly granted summary judgment. See Hughes, 953 F.2d at 535, 539-40; Elias v. Connett, 908 F.2d 521, 525 (9th Cir.1990) (Certificates used to established that IRS had sent notice to the taxpayer).
 
 
 10
 B. Quiet Title Action Under 28 U.S.C. § 2410
 
 
 11
 28 U.S.C. § 2410 states in relevant part: "[t]he United States may be named a party in any civil action or suit in any district court ... to quiet title to ... real or personal property on which the United States has no claims a mortgage or other lien." We have interpreted section 2410 as a limited waiver of the United States' sovereign immunity in "actions challenging the procedural aspects of tax liens." Arford v. United States, 934 F.2d 229, 232 (9th Cir.1991); see Elias, 908 F.2d at 527. "A taxpayer may not [, however,] use a section 2410 action to collaterally attack the merits of an assessment." Elias, 908 F.2d at 527. Thus, to the extent that the Healys are attempting to challenge the merits of the assessment, jurisdiction is lacking under section 2410. See Hughes v. United States, 953 F.2d 531, 538 (9th Cir.1992). To the extent that the Healys challenge the procedural validity of the IRS's liens by alleging procedural lapses in the requirements set forth in sections 6203 and 6303, section 2410 serves as a waiver of sovereign immunity. See Arford, 934 F.2d at 232. Nevertheless, as discussed above, the district court properly found that the IRS had complied with the procedural requirements of sections 6203 and 6303 and that the IRS was entitled to summary judgment.
 
 C. Miscellaneous Claims on Appeal
 
 12
 On Appeal, the Healys also contend that (1) the Paperwork Reduction Act ("PRA"), 44 U.S.C. § 3512, prohibits any additions or penalties to the Healys' tax liability because the applicable IRS regulations and forms do not contain approved Office of Management & Budget ("OMB") numbers; (2) the district court erred by failing to hold a trial; (3) the district court erred by not granting relief from the judgment pursuant to Fed.R.Civ.P. 60(b) based on "surprise"; and (4) the Declaratory Judgement Act, 28 U.S.C. § 2201, bars the IRS's counterclaim. We have considered these claims and find them to be without merit. See, e.g., Hicks v. Commissioner, 947 F.2d 1356, 1359 (9th Cir.1991) (rejecting PRA/OMB number argument); Hughes, 953 F.2d at 541-42 (articulating summary judgment standard (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986))); 26 U.S.C. §§ 7401-7403 (providing statutory basis for IRS to reduce tax liability to judgement).
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In Hughes, we also held that the Secretary of Treasury had properly delegated his authority to regional and local IRS offices. See 953 F.2d at 536, 539
 
 
 [2]
 Because we find that the IRS complied with the notice requirements of section 6303, we need not determine whether such compliance is necessary in situation such as this where the IRS utilizes judicial proceedings to collect unpaid tax liabilities