996 F.2d 1227
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William SAENGER; Marianne Saenger, Plaintiffs-Appellants,
v.
UNITED STATES of America; Dennis B. Sullivan, et al.,
Defendants-Appellees.
 No. 92-35339.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 8, 1993.*
Decided June 18, 1993.
 
 Before CANBY, FERNANDEZ and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Taxpayers William and Marianne Saenger appeal pro se from the district court's summary judgment for the United States in their 28 U.S.C. § 2410 quiet title action. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Section 2410 of the Internal Revenue Code states in pertinent part: "the United States may be named a party in any civil action or suit in any district court ... to quiet title to ... real or personal property on which the United States has or claims a mortgage or other lien." 28 U.S.C. § 2410. We have interpreted section 2410 as a limited waiver of the United States' sovereign immunity in "actions challenging the procedural aspects of tax liens." Arford v. United States, 934 F.2d 229, 232 (9th Cir.1991). "If the government has sold the property prior to the filing of the suit, and no longer claims any interest in the property, § 2410 does not apply." Hughes v. United States, 953 F.2d 531, 538 (9th Cir.1992).
 
 
 4
 Here, the government sold the Saengers' property in August 1990, more than one year prior to their initiation of this action in October 1991. Accordingly, because the government no longer claimed any interest in the property at the time the Saengers filed their complaint, section 2410 did not provide a waiver of sovereign immunity.
 
 
 5
 On appeal, the Saengers raise a number of claims that appear not to have been included in their complaint. Specifically, they contend that the IRS failed (1) to formally make an assessment against them; (2) to send them a statutory notice of deficiency as required by Section 6212 of the Code; and (3) to provide them with notice of assessment and demand for payment as required by section 6303 of the Code. Because these claims do not appear to have been raised before the district court we refuse to consider them for the first time on appeal. See United States v. Reyes-Alvarado, 963 F.2d 1184, 1189 (9th Cir.), cert. denied, 113 S.Ct. 258 (1992). Moreover, the Saengers' claims of procedural irregularities resulting from the IRS's seizure and sale of their property have been litigated and adjudged by the district court in a previous suit. See Saenger v. United States, CV No. 90-6048-HO (order Dec. 20, 1991). Accordingly, the Saengers are barred by the doctrine of res judicata from relitigating these claims in the present action. See Montana v. United States, 440 U.S. 147, 153 (1979); American Triticale, Inc. v. Nytco Services, Inc., 664 F.2d 1136, 1146-47 (9th Cir.1981) ("[a] judgment in a previous suit is conclusive in a second suit between the same parties or their privies on the same cause of action ...").[1]
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We deny the Saengers' motion to file a late reply brief