8 F.3d 28
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jerry G. MARTINEZ, Plaintiff-Appellant,
v.
UNITED STATES of America; United States Internal Revenue
Service; District Director of the Internal
Revenue Service, Defendants-Appellees.
 No. 92-35469.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 6, 1993.*
Decided Oct. 21, 1993.
 
 Before: BEEZER, KOZINSKI, and KLEINFIELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jerry G. Martinez appeals pro se the district court's order dismissing his 28 U.S.C. § 2410 action for failure to state a claim for which relief can be granted. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.
 
 
 3
 * Dismissal of Action
 
 
 4
 We review de novo the district court's dismissal of Martinez's action. See Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990). We may affirm on any ground supported by the record. Id.
 
 
 5
 The United States, as a sovereign, may not be sued without its consent. United States v. Testan, 424 U.S. 392, 399 (1976). A court's jurisdiction to hear a suit against the government is defined by the terms of the government's consent. Id. Thus, any suit against the United States must be brought in compliance with the specific statute under which the government has waived its sovereign immunity. See id. A suit against Internal Revenue Service ("IRS") officers or employees in their official capacity is essentially a suit against the United States and is barred by sovereign immunity absent statutory consent. Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir.1985).
 
 
 6
 Section 2410 constitutes a waiver of sovereign immunity for actions within its scope. See Arford v. United States, 934 F.2d 229, 234 (9th Cir.1991). In pertinent part, section 2410 provides that "the United States may be named a party in any civil action or suit in any district court ... to quiet title to ... real or personal property on which the United States has or claims a mortgage or other lien." 28 U.S.C. § 2410; see Hughes v. United States, 953 F.2d 531, 537-38 (9th Cir.1992). Under section 2410, a party may bring a quiet title action to challenge the procedural validity of a tax lien or levy but not the merits of the underlying tax assessment. Arford, 934 F.2d at 232.
 
 
 7
 In his complaint, Martinez alleged the IRS illegally imposed additions to his tax pursuant to 26 U.S.C. §§ 6651, 6653, and 6654.[1] He claimed the IRS could not legally impose the additions because he did not file income tax returns for the tax years in question. Martinez thus sought removal of the government's liens.
 
 
 8
 We agree with the district court that Martinez failed to state a claim under section 2410. Martinez did not challenge the procedural validity of the IRS's lien on his property. Rather, he only challenged the legality of the IRS's imposition of additions to his tax. Accordingly, the United States did not waive its sovereign immunity under section 2410 and the district court did not err by dismissing Martinez's action. See Arford, 934 F.2d at 232.[2]
 
 II
 Sanctions
 
 9
 The government requests sanctions against Martinez for filing a frivolous appeal. We have discretion to impose sanctions against litigants, even pro se, for bringing a frivolous appeal. Fed.R.App.P. 38; 28 U.S.C. § 1912; Wilcox v. Commissioner, 848 F.2d 1007, 1008-09 (9th. Cir.1988) ($1,500 sanction imposed on pro se litigant for bringing a frivolous appeal). An appeal is frivolous if the results are obvious or the arguments of error are wholly without merit. Wilcox, 848 F.2d at 1009 (citation omitted). This appeal is frivolous because the result is obvious and Martinez's arguments are wholly without merit. See Arford, 934 F.2d at 232; Roat, 847 F.2d at 1381. Accordingly, we impose $1,500 damages as a sanction.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Section 6551 authorizes the IRS to impose additions to tax for failure to file a tax return or to pay a tax. See 26 U.S.C. § 6651(a). Section 6653 authorizes the IRS to impose additions to tax when a taxpayer negligently or fraudulently fails to pay income tax. See 26 U.S.C. § 6653(a) & (b). Section 6654 authorizes the IRS to impose additions to tax when a taxpayer fails to pay his or her estimated income tax. See id. § 6654(a)
 
 
 [2]
 Moreover, Martinez's contention that the IRS illegally imposed additions to his tax lacks merit. The fact that Martinez did not file tax returns for the tax years in question did not preclude the IRS from determining income tax deficiencies against him. See Roat v. Commissioner, 847 F.2d 1379, 1381 (9th Cir.1988). Therefore, the IRS was not barred from imposing additions to his tax