19 F.3d 28
 73 A.F.T.R.2d 94-1439
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert L. PANGBURN, Jr., Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 92-16189.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1994.*
Decided Feb. 28, 1994.
 
 Before: SCHROEDER, CANBY, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert L. Pangburn, Jr. appeals pro se the district court's summary judgment for the United States in Pangburn's 28 U.S.C. Sec. 2410 quiet title action. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 We review de novo the district court's summary judgment. Hughes v. United States, 953 F.2d 531, 541 (9th Cir.1992). "We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." Id.
 
 
 4
 In the action below, Pangburn challenged the validity of the government's tax lien on his property on the ground the Internal Revenue Service ("IRS") failed to follow proper procedures when assessing his tax liability.[1] The government filed a motion for summary judgment and submitted as evidence that the IRS properly assessed Pangburn's taxes (1) Form 4340 Certificates of Assessments and Payments, and (2) certified Form 23C Summary Records of Assessments. The only evidence Pangburn submitted to rebut the government's evidence was his own affidavit acknowledging that he had received copies of the Form 4340s and Form 23Cs. The district court ruled that the government's evidence established that the IRS properly assessed Pangburn's taxes.
 
 
 5
 On appeal, Pangburn contends, as he did below, that the Form 4340s do not support the presumption that the IRS properly assessed his taxes because the forms do not show a "23C" date. Pangburn is correct that the Form 4340s submitted by the government do not show "23C" dates.
 
 
 6
 This court recently held that absent a "23C" date (the date on which the actual assessment was made) a Form 4340 is inadequate, by itself, to prove a valid assessment was made. See Huff v. United States, 10 F.3d 1440, 1446 & n. 5 (9th Cir.1993). Here, however, the government also submitted certified Form 23C Summary Records of Assessments as further proof that the IRS properly assessed Pangburn's taxes. The record contains a certified Form 23C for each assessment date shown on the Form 4340s. Each Form 23C is signed by the assessment officer, as required by regulation. See 26 C.F.R. Sec. 301.6203-1. Together, the Form 4340s and Form 23Cs establish that the IRS properly assessed Pangburn's taxes. See Huff, 10 F.3d at 1446 (citing Geiselman v. United States, 961 F.2d 1, 5-6 (1st Cir.) (per curiam), cert. denied, 113 S.Ct. 261 (1992)).
 
 
 7
 Pangburn contends that the Form 23Cs do not support the government's position because they do not contain individual taxpayer information. He argues that the government admits on its own certification form that the Form 23Cs do not show individual tax assessments.
 
 
 8
 Pangburn ignores the fact that the record contains the Form 4340s that show his individual tax information. This court has held that these forms are admissible as public records. See Hughes, 953 F.2d at 539-40. Pangburn cites to no authority, nor are we aware of any, that suggests the Form 4340s are rendered inadmissible simply because they do not contain 23C dates.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In his complaint, Pangburn also alleged a claim for wrongful disclosure of tax return information. On November 1, 1990, the district court granted summary judgment in favor of the government on the wrongful disclosure claim and dismissed the quiet title claim for lack of jurisdiction. On appeal, this court affirmed the district court's judgment on the wrongful disclosure claim but reversed and remanded on the quiet title claim. See Pangburn v. United States, No. 91-15330, unpublished memorandum disposition (9th Cir. Feb. 3, 1992). Relying on Arford v. United States, 934 F.2d 229 (9th Cir.1991), this court held that because Pangburn had challenged the procedural validity of the IRS's assessment and levy, the government had waived its sovereign immunity pursuant to section 2410. See id. at 232-33
 On remand, Pangburn alleged not only that the IRS failed properly to assess his tax liability, but also that the IRS failed to send him proper notices of seizure and intent to levy. Although the district court granted summary judgment on both issues, on appeal Pangburn does not challenge the district court's judgment with regard to notice.