43 F.3d 1480
 75 A.F.T.R.2d 95-333, 95-1 USTC P 50,046
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Marlin ARFORD, Defendant-Appellant.
 No. 93-36005.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 8, 1994.*
Decided Dec. 14, 1994.
 
 Before: NOONAN, O'SCANNLAIN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Marlin Arford appeals pro se the district court's grant of summary judgment for the United States in its action to reduce to judgment certain tax assessments made against Arford. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 * Marlin Arford receives military retirement pay from the United States Air Force. After the Air Force transferred a portion of his retirement pay to the Internal Revenue Service to satisfy unpaid tax liabilities, Arford brought suit to quiet title pursuant to 28 U.S.C. Secs. 1340 and 2410 to his retirement pay and to recover the portion of his pay that was credited against his unpaid tax liabilities. Subsequently, the United States brought suit to reduce to judgment pursuant to 26 U.S.C. Secs. 7401 and 7403 certain tax assessments made against Arford for the years 1977 through 1982, 1984, and 1985. In a consolidated action, the district court granted summary judgment for the United States.
 
 II
 
 4
 Arford claims the district court erred in granting summary judgment for the United States.
 
 
 5
 The record clearly shows that Arford had unreported income in the years at issue. The United States introduced certificates of assessments demonstrating that Arford failed to file a return or filed a return reporting no tax liability in those years. In an action to collect taxes, once the United States introduces an assessment, the burden of proof shifts to the taxpayer. United States v. Stonehill, 702 F.2d 1288, 1293 (9th Cir.1983), cert. denied, 465 U.S. 1079 (1984). Arford failed to rebut the United States' evidence in any relevant way.[1] As the district court held, Arford "failed to point out any inaccuracies in the assessments." Because there was thus no genuine issue of material fact, the United States was entitled to summary judgment as a matter of law.
 
 III
 
 6
 Arford claims that the funds collected from him administratively should be refunded under 28 U.S.C. Sec. 2410.
 
 
 7
 In a prior appeal of this case, this court held that Arford could challenge the procedural aspects of the United States' tax liens, but not the merits of the underlying tax assessments. Arford v. United States, 934 F.2d 229, 232-33 (9th Cir.1991). On remand, the district court held that the United States failed to prove that it sent Arford advance notice of its intent to levy on his retirement pay in compliance with the certified mailing requirement of 26 U.S.C. Sec. 6331(d).[2] The district court also held that Arford's remedy was limited to a lifting of the levies and not a refund.
 
 
 8
 To the extent that Arford is still challenging the merits of the assessments, 28 U.S.C. Sec. 2410 clearly does not confer jurisdiction. Arford, 934 F.2d at 232-33; Hughes v. United States, 953 F.2d 531, 538 (9th Cir.1992). Suits for refund of federal taxes may be brought under 26 U.S.C. Sec. 1346(a)(1); however, Arford has not complied with several of the jurisdictional prerequisites for a such a suit. See, e.g., 26 U.S.C. Sec. 7422(a) (requiring administrative refund claim to be filed before bringing action to recover taxes).
 
 
 9
 Arford can challenge the procedural validity of the United States' original notice of intent to levy, but his claims cannot reach the validity of the underlying assessments. In Hughes, this court held that "an action [under 28 U.S.C. Sec. 2410] is jurisdictionally barred if, at the time it is commenced, the government claims a title interest rather than a lien interest." 953 F.2d at 538. In addition, the court held that "[j]urisdiction also is lacking on any claims relating to personal property, such as previously garnished wages, in which the government now claims a title interest...." Id. In this case, the United States has claimed a title interest in Arford's military retirement pay, and section 2410 cannot confer jurisdiction to order a refund of that pay.
 
 
 10
 The district court correctly held that the remedy for improper notice of intent to levy is limited to a lifting of the levy under 28 U.S.C. Sec. 2410.
 
 IV
 
 11
 Arford raises other issues which we have considered but have found to be without merit.[3] The judgment of the district court is therefore
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3
 
 
 [1]
 Arford's arguments that the Internal Revenue Code contains no provision making him liable for income tax is without merit, see 26 U.S.C. Secs. 1, 61(a), as is his argument that the certificates introduced by the United States are not valid assessments, see Hughes v. United States, 953 F.2d 531, 539-40 (9th Cir.1993)
 
 
 [2]
 The IRS has subsequently sent a new notice of intent to levy in compliance with the certified mailing requirement of 26 U.S.C. Sec. 6331(d)
 
 
 [3]
 Arford's claims regarding a post-judgment discharge order entered by the United States Bankruptcy Court are not properly before this court