See also 979 F.2d 141.

Gordon E. **POWELSON**, as distribute-transferee of property from Estate of Clydena M. Gross, deceased, Plaintiff–Appellant,

v.

**UNITED STATES** of America, acting By and Through its **SECRETARY OF TREASURY** and its Internal Revenue Service, Defendant–Appellee,

and

Chicago Title Insurance Company of Oregon, Defendant.

No. 97–35788.

United States Court of Appeals, Ninth Circuit.

Submitted July 6, 1998.*

Decided July 27, 1998.

Roy B. Thompson, Lake Oswego, Oregon, for plaintiff-appellant.

Annette M. Wietecha, United States Department of Justice, Tax Division, Washington, DC, for defendant-appellee.

Before: GOODWIN, ALARCON and BRUNETTI Circuit Judges.

* The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed. R.App. P. 34(a); Ninth Circuit Rule 34–4.

GOODWIN, Circuit Judge:

Gordon Powelson's inherited land was sold to satisfy a tax lien. He sued the IRS in the district court in 1987 for a refund and to quiet title to land. He lost. We affirmed in *Powelson v. United States*, 979 F.2d 141 (9th Cir.1992), *cert. denied* 507 U.S. 1029, 113 S.Ct. 1844, 123 L.Ed.2d 468 (1993). He sued again in state court. The government removed the case to the district court which promptly dismissed it, and denied a motion to remand to state court. He appeals again. We affirm.

The reason this appeal is not entirely frivolous is that we did not choose our language as carefully as we might have the last time the appellant was here. He now contends that the district court erred in not remanding the case to state court because we said it lacked subject matter jurisdiction.

In this case the outcome is obvious: the district court had to dismiss Powelson's suit against the United States. His claim is barred for two reasons: (1) res judicata-Powelson has already sued the United States to quiet title-and (2) this court has already held that the United States has not waived its sovereign immunity. *Powelson I*, 979 F.2d at 145.

While the outcome is obvious, lawyers with nothing else to do can debate at length about which court should dismiss the second suit.

Powelson argues that the district court lacked jurisdiction to dismiss the case. He has cleverly relied upon this court's earlier ruling, where we held that federal courts lack subject matter jurisdiction in this dispute because the United States has not waived sovereign immunity. *Id.* ("To the extent the quiet title action challenges the merits of the assessment, jurisdiction is lacking under [28 U.S.C.] section 2410."). As jurisdiction is lacking, Powelson reasons, the district court had no choice but to remand the action to state court. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears

that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Powelson's argument has a certain opportunistic logic because this court did mistakenly equate sovereign immunity with lack of subject matter jurisdiction in *Powelson I*. We said that the district court properly dismissed Powelson's quiet title suit, citing *Elias v. Connett*, 908 F.2d 521, 527 (9th Cir. 1990), for the proposition that, in situations like Powelson's, § 2410 does not waive the sovereign immunity of the United States. *Powelson I*, 979 F.2d at 145. We concluded that the district court therefore lacked subject matter jurisdiction. *Id. See also Hughes v. United States*, 953 F.2d 531, 538 (9th Cir.1992) (same).[1]

■ A review of commentary on sovereign immunity, however, clarifies the confusing relationship between sovereign immunity and subject matter jurisdiction. Moore's Federal Practice states that "[s]overeign immunity is not merely a defense to an action against the United States, but a jurisdictional bar." 16 James Wm. Moore et al., *Moore's Federal Practice* ¶ 105.21 (3rd ed.1998). Moore then explains, however, that "[s]tatutes that create federal jurisdiction do not, in and of themselves, waive [ ] sovereign immunity." *Id.* Thus, while sovereign immunity can bar jurisdiction, a statute that purports to create jurisdiction alone does not necessarily eliminate sovereign immunity.

This understanding of sovereign immunity is consistent with Ninth Circuit precedent. We have previously explained that " '[i]n an action against the United States, *in addition to* statutory authority granting subject matter jurisdiction, there must be a waiver of sovereign immunity.' " *E.J. Friedman Co. v. United States*, 6 F.3d 1355, 1357 (9th Cir. 1993) (quoting *Arford v. United States*, 934 F.2d 229, 231 (9th Cir.1991)) (emphasis added).

---

1. Justice Kennedy of the Supreme Court has recently noted in a somewhat different context that the relationship between sovereign immunity and subject matter jurisdiction can be a murky one. *See Wisconsin Dept. of Corrections v. Schacht*, — U.S. —, —--—, 118 S.Ct.

2047, 2055–56, 141 L.Ed.2d 364 (1998) (Kennedy concurring) (noting that the Court has sometimes treated Eleventh Amendment immunity more like personal jurisdiction and other times more like subject matter jurisdiction).

Thus, the relationship between sovereign immunity and subject matter jurisdiction can be summarized as follows. Sovereign immunity is grounds for dismissal independent of subject matter jurisdiction. A statute may create subject matter jurisdiction yet not waive sovereign immunity. This is such a case.

Section 2410 provides subject matter jurisdiction to hear Powelson's case. Accordingly, our previous opinion, while correct in its result, was mistaken when it stated that "jurisdiction is lacking under [28 U.S.C.] section 2410." *Powelson I*, 979 F.2d at 145. A more accurate statement would have been that the United States has not waived its sovereign immunity. It has, of course, provided judicial review for alleged errors in tax collections. A taxpayer can pay the tax and sue in district court for a refund, or can test the legality of a levy in the Tax Court. The government has not waived its immunity from suit in state courts, or in generalized claims filed in federal court. The United States has not waived its sovereign immunity and the case was properly dismissed.

As this court has jurisdiction of this appeal under 28 U.S.C. § 1291, we affirm the judgment of the district court.

AFFIRMED.