**Marvin Baysel EDWARDS; et al., Plaintiffs—Appellants,**

v.

**Harold E. MARTIN; et al., Defendants—Appellees.**

No. 03–15633.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 10, 2003.*

Decided Nov. 20, 2003.

Marvin Baysel Edwards, pro se, Olivehurst, CA, for Plaintiff–Appellant.

Arthur Stigall, pro se, Sacramento, CA, for Plaintiff–Appellant.

Christopher Hart Doyle, Esq., Michael John Hassen, Miller, Starr and Regalia, Walnut Creek, CA, Brant J. Bordsen, Esq., Rich, Fuidge, Morris & Iverrson, Inc., Marysville, CA, for Defendants–Appellees.

Before: KOZINSKI, SILVERMAN, and TALLMAN, Circuit Judges.

MEMORANDUM **

Marvin Baysel Edwards and Arthur Stigall appeal pro se the district court's post-judgment order denying their second motion to void the judgment.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a district court's denial of a Rule 60(b)(4) motion to set aside a judgment as void. *See Retail Clerks Union Joint Pension Trust v. Freedom Food Ctr., Inc.,* 938 F.2d 136, 137 (9th Cir.1991). We affirm.

The district court properly denied appellants' Rule 60(b)(4) "petition." *See United States v. Berke,* 170 F.3d 882, 883 (9th Cir.1999). Appellants' contention that the district court lacked jurisdiction over the action because they pled only state law causes of action lacks merit. *See Holcomb v. Bingham Toyota,* 871 F.2d 109, 110 (9th Cir.1989). Because the essence of appellants' action concerned the right of the Internal Revenue Service to record a lien on Edwards' property following his failure to pay income taxes, the district court had jurisdiction over the action. *See* 28 U.S.C. § 1340; *Arford v. United States,* 934 F.2d 229, 231 (9th Cir.1991).

Appellants' request to supplement the excerpts of record is denied as unnecessary.

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. On April 24, 2003, the Appellate Commissioner issued an order limiting the scope of this appeal to the district court's March 12, 2003 order. *See* Fed. R.App. P. 4(a)(4).