**Nina V. CRYTSER, a married woman, Plaintiff—Appellant,**

v.

**UNITED STATES of America, Defendant—Appellee.**

No. 07–35007.

United States Court of Appeals, Ninth Circuit.

Submitted April 10, 2008.\*

Filed April 18, 2008.

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

David P. Boswell, Esq., Boswell Law Firm PS, Spokane, WA, for Plaintiff–Appellant.

Justin Kim, DOJ–U.S. Department of Justice Tax Division, Washington, DC, for Defendant–Appellee.

Before: BEA and M. SMITH, Circuit Judges, and HOOD **, Senior District Judge.

## MEMORANDUM ***

Nina Crytser appeals the district court's order: (1) dismissing for lack of subject matter jurisdiction her action seeking damages for "wrongful levy"; and (2) dismissing for failure to state a claim her action seeking a refund from the Internal Revenue Service ("IRS") of her payment of taxes her husband owed.[1]

Nina Crytser brought this action against the United States alleging two alternative grounds for relief. She brought an action for wrongful levy under 26 U.S.C. § 7426(a)(1),[2] claiming the IRS *lien* on the Crytsers' residence amounted to a seizure of her property because the payment Nina Crytser made to the IRS to obtain discharge of the lien was "involuntary." She also claimed damages in the alternative,

---

** The Honorable Joseph M. Hood, Senior U.S. District Judge for Eastern District of Kentucky, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Because the facts are known to the parties, we revisit them only as necessary.

2. Congress has authorized the following action against the United States for wrongful levy:

Wrongful levy.—*If a levy has been made* on property or property has been sold pursuant to a levy, any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States. Such action may be brought without regard to whether such property has been surrendered to or sold by the Secretary.
26 U.S.C. § 7426(a)(1) (emphasis added).

under 28 U.S.C. § 1346(a)(1),[3] which in combination with 26 U.S.C. § 7426(a)(4)[4] authorizes a third party who paid the taxes of another to obtain discharge of a lien to bring an action for refund on the ground the third party had an interest in the property the IRS placed a lien upon that was superior to the United States' interest.

The district court dismissed Nina Crytser's wrongful levy action under Rule 12(b)(1) for lack of subject matter jurisdiction on the ground her complaint alleged a *lien,* not a *levy;* without a levy, there can be no wrongful levy action. The district court dismissed Nina Crytser's third-party refund action under Rule 12(b)(6) on the ground she failed to exhaust her remedies—Nina Crytser was required, under 26 U.S.C. § 7426(a)(4), to request and obtain a certificate of discharge of the lien before bringing a refund action, but she did not.

■ On appeal, Nina Crytser challenges only the district court's dismissal of her 26 U.S.C. § 7426(a)(1) wrongful levy action; she maintains the IRS lien against her husband's property was "the functional equivalent" of a levy because she felt she had no choice but to turn over to the IRS the proceeds of the sale of their residence.[5]

We have jurisdiction under 28 U.S.C. § 1291. We review the district court's grant of a motion to dismiss de novo, *Silvers v. Sony Pictures Entm't, Inc.,* 402 F.3d 881, 883 (9th Cir.2005), and we affirm.

■ The district court correctly dismissed Nina Crytser's wrongful levy action, the elements of which are as follows:

First, the person must not be one "against whom is assessed the tax." Second, the person must claim a legally cognizable "interest" in the property. Third, the property must have been "wrongfully levied upon."

*Arford v. United States,* 934 F.2d 229, 231 (9th Cir.1991). Nina Crytser's complaint alleged only that the IRS placed a lien (not a levy) on the Crytsers' residence. That Nina Crytser "felt compelled" to pay Scott Crytser's assessed taxes with the proceeds of the sale of their residence to obtain discharge of the lien and avoid a civil action by the purchaser for breach of contract does not convert the IRS lien into a levy. *See United States v. Williams,* 514 U.S. 527, 536, 115 S.Ct. 1611, 131 L.Ed.2d 608 (1995) (third party taxpayer who felt

---

**3.** 28 U.S.C. § 1346(a)(1) provides the district courts shall have original jurisdiction over:

Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws[.]

**4.** 26 U.S.C. 7426(a)(4) permits the following third-party refund action:

Substitution of value.—If a certificate of discharge is issued to any person under section 6325(b)(4) with respect to any property, such person may, within 120 days after the day on which such certificate is issued, bring a civil action against the United States in a district court of the Unit-

States for a determination of whether the value of the interest of the United States (if any) in such property is less than the value determined by the Secretary. No other action may be brought by such person for such a determination.

**5.** Nina Crytser, in her reply brief, "concede[d] that she is not entitled to a refund of seized funds under 28 U.S.C. § 1346(a)(1)" and, thus, she has abandoned her challenge to the district court's dismissal of her refund action for failure to exhaust administrative remedies.

Even if Nina Crytser had not abandoned her challenge to the district court's dismissal of the refund action, such a challenge would fail on the merits. Nina Crytser never sought to obtain a certificate of discharge in her name, which is a prerequisite to a third-party refund action. 26 U.S.C. § 7426(a)(4).

558

compelled to pay her ex-husband's taxes to obtain release of an IRS lien on her residence alleged only a lien—not a levy). Because Nina Crytser failed to allege an essential element of a wrongful levy action—*i.e.,* a levy—she failed to state a claim for wrongful levy.[6]

**AFFIRMED.**

6. We may affirm a district court's judgment on any ground supported by the record. *Cig-*

*na Property & Cas. Ins. Co. v. Polaris Pictures Corp.,* 159 F.3d 412, 418 (9th Cir.1998).
* This disposition is not appropriate for publica-