FILED

**NOT FOR PUBLICATION**

OCT 15 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUKE ADAM; CHANDRA MARIE ADAM, | No. 07-56358 |
| Plaintiffs - Appellants, | D.C. No. CV-05-00987-ODW |
| v. | MEMORANDUM[*] |
| UNITED STATES OF AMERICA; UNITED STATES INTERNAL REVENUE SERVICE, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, District Judge, Presiding

Submitted September 2, 2010[**]
Pasadena, California

Before: O'SCANNLAIN, GOULD and IKUTA, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Luke and Chandra Marie Adam appeal the district court's order dismissing their quiet title action brought under 28 U.S.C. § 2410(a)(1) for lack of standing. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we vacate and remand.

Luke and Chandra Marie claim to own the liened Yorba Linda property, and their claim of right confers standing to litigate the quiet title action. *See United States v. Williams*, 514 U.S. 527, 539–40 (1995); *Little v. United States*, 704 F.2d 1100, 1106 (9th Cir. 1983) (holding that a plaintiff who claims a "valuable right to property" has standing to challenge a tax lien on the liened property). The government's tax lien may properly attach, however, if delinquent taxpayers Dino and Trina Adam—Luke and Chandra Marie's parents—retain property rights in the Yorba Linda property. 26 U.S.C. § 6321; *see also G. M. Leasing Corp. v. United States*, 429 U.S. 338, 350–51 (1977) (holding that the government may "properly regard" an alter ego's assets as the delinquent taxpayer's assets for purposes of 26 U.S.C. § 6321).

In determining whether taxpayers hold property rights to which a tax lien may attach, the district court must look to state law. *United States v. Craft*, 535 U.S. 274, 278 (2002) ("The federal tax lien statute . . . attaches consequences, federally defined, to rights created under state law." (internal quotation marks omitted)); *Drye v. United States*, 528 U.S. 49, 58 (1999) (holding that federal

2

courts "look initially to state law to determine what rights the taxpayer has in the property the Government seeks to reach"); *Aquilino v. United States*, 363 U.S. 509, 513 (1960) ("[I]t has long been the rule that in the application of a federal revenue act, state law controls in determining the nature of the legal interest which the taxpayer had in the property . . . ." (quotation marks omitted)).

Here, the district court did not cite to or apply California law in its oral opinion or written order concluding that Luke and Chandra Marie are their parents' nominees. Instead, the district court apparently applied a six-factor test that has been used by some federal courts in evaluating nominee status. *See, e.g.*, *Towe Antique Ford Found. v. IRS*, 791 F. Supp. 1450, 1454 (D. Mont. 1992). Applying this federal law test, without any suggestion that it would most likely be adopted by the California Supreme Court as a matter of state law, and without analyzing

whether the federal six-factor test could be considered as an aid to determining state law, was error.[1]

We hold that Dino and Trina's rights in the Yorba Linda property, if any, must be determined under California law. We remand to the district court so that it may conduct that analysis in the first instance. If the district court determines as a matter of California law that Luke and Chandra Marie do not have a beneficial interest in the property, then the district court must provide a reasoned determination as to whether Luke and Chandra Marie, as holders of bare legal title, have standing to bring a procedural challenge to the tax lien under 28 U.S.C. § 2410. *See generally Arford v. United States*, 934 F.2d 229, 232 (9th Cir. 1991) (indicating that "[s]ection 2410 has been interpreted to allow quiet title actions challenging the procedural aspects of tax liens").

**VACATED and REMANDED.**

---

[1] If California law is unclear on the dispositive issue, then it is the task of the district court to do its best to predict how the California Supreme Court would likely resolve it. *See Giles v. Gen. Motors Acceptance Corp.*, 494 F.3d 865, 872 (9th Cir. 2007); *Dimidowich v. Bell & Howell*, 803 F.2d 1473, 1482 (9th Cir. 1986). We have in another context suggested that a prediction may be based on "intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements." *Eichacker v. Paul Revere Life Ins. Co.*, 354 F.3d 1142, 1145 (9th Cir. 2004) (internal quotation marks omitted); *Walker v. City of Lakewood*, 272 F.3d 1114, 1125 (9th Cir. 2001) (same).