**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GRANT HOLYOAK; ETHEL
HOLYOAK,

          Plaintiffs - Appellants,

  v.

UNITED STATES OF AMERICA;
INTERNAL REVENUE SERVICE,

          Defendants - Appellees.

No. 09-17595

D.C. No. 3:08-cv-08168-MHM

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Mary H. Murguia, District Judge, Presiding

Submitted May 24, 2011[**]

Before:    PREGERSON, THOMAS, and PAEZ, Circuit Judges.

    Grant and Ethel Holyoak appeal pro se from the district court's judgment

dismissing their action seeking to prevent the Internal Revenue Service ("IRS")

from collecting taxes, interest and penalties that the IRS claims the Holyoaks owe.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Carson Harbor Vill., Ltd. v. City of Carson*, 353 F.3d 824, 826 (9th Cir. 2004) (dismissal for lack of subject matter jurisdiction); *Arford v. United States*, 934 F.2d 229, 231 (9th Cir. 1991) (dismissal based on sovereign immunity). We affirm.

The district court properly dismissed the Holyoaks' claims seeking injunctive and declaratory relief because, under the Anti-Injunction Act and the Declaratory Judgment Act, the court lacked jurisdiction over those claims. *See* 26 U.S.C. § 7421 ("Except as provided in sections [not relevant here], no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person . . . ."); 28 U.S.C. § 2201 (no declaratory relief in federal tax matters other than actions properly brought under section 7428).

The district court properly dismissed the Holyoaks' claim under 28 U.S.C. § 2410 because "[a] taxpayer may not use a section 2410 action to collaterally attack the merits of an assessment." *Elias v. Connett*, 908 F.2d 521, 527 (9th Cir. 1990). Sovereign immunity also bars the Holyoaks' claims seeking damages for alleged improper assessment of taxes. *See Miller v. United States*, 66 F.3d 220, 223 (9th Cir. 1995) (waiver of sovereign immunity under 26 U.S.C. § 2433 permitting taxpayers to sue for misconduct in collection of taxes does not extend to improper determination or assessment of taxes).

The Holyoaks' remaining contentions, including that their wages are not income, are unpersuasive.

We do not consider the Holyoaks' arguments raised for the first time on appeal. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999). Nor do we consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**

09-17595